## COUNTY OF MIDDLESEX, OCTOBER TERM 1850, AT CAMBRIDGE.

PRESENT:

HON. LEMUEL SHAW, CHIEF JUSTICE.
HON. SAMUEL S. WILDE,
HON. CHARLES A. DEWEY,
HON. THERON METCALF,        } JUSTICES.
HON. RICHARD FLETCHER,

[The cases from page 174 to page 202, from page 264 to page 288, and from page 292 to page 302, (except the case of *Brigham* v. *Weaver*,) were decided at the term in October, 1850; the residue at the sittings in Boston, in January, 1851.]

## COMMONWEALTH *vs.* ALBION B. GEE & another.

The examination of jurors, further than is provided for by the Rev. Sts. c. 95, § 27, with a view to ascertain whether they stand indifferent in the cause, is a matter wholly within the discretion of the judge; both as to putting additional questions, and the manner of putting them, whether by the judge or the party.

Where a jury is completed from the bystanders, if such persons are not qualified and liable to be drawn as jurors, objection must be taken before they are placed upon the panel.

When jurors are returned from the bystanders, in a criminal case, it is not necessary that the indictment should be read to them, before making the inquiries pre-

scribed by the Rev. Sts. *c.* 95, § 27; it is sufficient to state to them, in general terms, the offence charged, and the party to be tried therefor.

The statute of 1849, *c.* 231, § 2, prohibiting the setting up or maintaining, without license, of any public show, amusement, or exhibition, does not apply to a school for the teaching of dancing, although admittance thereto is paid for on each evening.

An indictment may be returned for an offence committed at any time previous to the finding thereof, although after the commencement of the term; but in such case, it should appear in the caption of the indictment, that the same was found at a term begun and holden, &c., and continued by adjournment to a day named, being after the time of the alleged offence.

This was an indictment for setting up a public amusement without license therefor, in contravention of the act of 1849, *c.* 231, and was tried before *Mellen,* J., in the court of common pleas.

The indictment contained ten counts, in the first of which it was alleged, that the defendants, at Lowell, on the 20th of August, 1849, without any license or authority therefor, did set up, set on foot, maintain, and carry on, a certain public amusement, to wit, a certain dancing assembly to which divers persons obtained admission upon the payment of money. The second count alleged, that the defendants, on the same 20th of August, did set up, &c., a certain assembly for dancing, the same being a public amusement, to which admission was then and there obtained upon the payment of money.

The caption of the indictment was as follows:— " Middlesex, to wit: At the court of common pleas, begun and holden at Lowell, within and for said county of Middlesex, on the third Monday of October, in the year of our Lord one thousand eight hundred and forty-nine." From an indorsement on the indictment by the clerk, it appeared to have been returned and filed on the eighth day of the term.

While the clerk was impanelling a jury for the trial of the indictment, the defendants challenged three of the panel for cause; in consequence of which, a sufficient number of jurors, duly drawn and summoned, could not be obtained for the trial; whereupon the sheriff, by order of the court, returned jurors from the bystanders to complete the panel.

The defendants moved the court, that the jurors thus re-turned should be examined on oath whether they had formed

or expressed any opinion, or were sensible of any prejudice, or bias, in the case ; whereupon these inquiries were made by the judge, and the jurors severally answered them in the negative Before the questions were put, it was explained to these jurors, that the indictment against the defendants was for carrying on a public amusement, but the indictment was not read to them.

The defendants then moved, that the jurors in question might be inquired of, whether they did not themselves know, that the defendants carried on the dancing assembly mentioned in the indictment; and that such other questions might be asked, as would show that they did not stand indifferent in the cause. But the presiding judge refused to put any inquiries to such jurors, other than those specified in the statute, and in the words in which they were there expressed.

The defendants, then, stating their belief, that the jurors so returned from the bystanders did not stand indifferent in the cause, asked leave of the court to question them further. The presiding judge refused to allow this to be done, but ruled that the defendants might introduce evidence *aliunde*, and independent of any examination except by the court, to show that such jurors were disqualified. No such evidence was given, and nothing further appeared relative to their qualifications as jurors, or their liability to serve as such. The defendants objected to the placing of these jurors on the panel, but the objection was overruled, and they were accordingly sworn, and sat in the trial of the cause.

On the trial, the district-attorney having given evidence that the defendants, on one occasion, had carried on and kept a dancing-school, for instruction in dancing, the price for the admission of each person being fifty cents, the defendants asked the judge to instruct the jury, that a school for the instruction of people in dancing was not a public amusement, within the statute ; but the judge instructed the jury otherwise, and that the keeping of such school was within the statute.

In order to support the second count in the indictment, the district-attorney relied upon evidence of a certain ball or dancing assembly, carried on by the defendants after the com-

mencement of the term, namely, on the evening of Wednesday, the third day of the term. The defendants asked the judge to instruct the jury, that they could not be held to answer, on this indictment, for such offence ; but the presiding judge ruled, and so instructed the jury, that an indictment might be found for any offence committed after the beginning of the term, and before the grand jury returned the indictments found by them into court.

The defendants also asked the judge to instruct the jury, that a ball or dancing assembly was not a public amusement within the meaning of the statute. But the judge ruled otherwise.

It further appeared, at the trial, that those persons, who paid upon entering the dancing-hall, paid for the privilege of dancing; and that when persons were admitted, who did not dance, they were not asked to pay, and did not pay any thing.

The jury, upon these rulings and instructions, rendered a verdict against the defendants, who thereupon excepted.

*B. F. Butler* and *B. Dean, Jr.,* for the defendants.

*Clifford,* attorney-general, for the commonwealth.

DEWEY, J. The first questions arising in the present case are those which relate to the impanelling of the jury, for the trial of the defendants upon this indictment. The regular list of jurors having been exhausted by reason of challenges for cause, the sheriff returned certain individuals from the by-standers to complete the panel. As to these persons, the defendants asked the court, that the questions prescribed by the Rev. Sts. *c.* 95, § 27, might be put, for the purpose of ascertaining whether such jurors had formed or expressed an opinion upon the cause, or had any bias or prejudice therein. After these questions had been put, the counsel for the defendants insisted upon the right to have other questions put to the jurors, for the purpose of furnishing ground for their exclusion from the panel; and they further insisted, that they had the right personally to interrogate the jurors for this purpose.

This view of the course of proceeding is in our opinion erroneous. The whole matter, relative to the examination of jurors, beyond the provisions of the statute, is one that must

be left to the sound judgment and judicial discretion of the pre
siding judge. This applies not only to the propounding of fur-
ther questions to the jurors, but also to the manner of putting
them. The counsel of a party has no right personally to interro-
gate the jurors, with a view of showing their bias or prejudice by
facts drawn out by a cross-examination, or something very like
it. The orderly conducting of trials will be better promoted, by
adhering as a general rule to the usual practice of interrogating
the jurors, by questions propounded by the court or by their
order.

Another point suggested at the argument of this cause was,
that it does not appear, that the persons thus returned by the
sheriff were persons having the proper qualifications of jurors,
as required by the Rev. Sts. *c.* 95, § 26. But this objection, as
it seems to us, is not open to the defendants, upon their bill of
exceptions. If this point had been intended to be raised, it
should have been distinctly stated, and the objection taken,
before the jurors were placed upon the panel.

It was then further objected to the regularity of the pro-
ceedings, that before propounding the statute questions to the
jurors, the indictment at large should have been read to the
persons returned to fill the panel. No authority was cited for
this position, and the practice has uniformly been opposed to
it. Even in capital trials, the mode of informing those re-
turned as jurors of the nature of the case to be tried, prepa-
ratory to putting the statute questions, is merely to state very
generally the offence charged, and the party to be tried there-
for. This objection is in our view untenable. The result is
therefore that all the proceedings, in the impanelling of the jury
for the trial of this cause, were correct, and the exceptions
taken thereto must be overruled.

The further exceptions taken relate to the ruling of the pre-
siding judge in matters of law, as to the construction of the
statute of 1849, *c.* 231, and the nature of the evidence requi-
site to support this indictment. The first count in the indict-
ment charges the defendants " with setting up and maintain-
ing, without license therefor, a certain public amusement,
namely, a certain dancing assembly, to which persons did

obtain admission upon payment of money." To support this count, the district attorney offered evidence tending to show, that the defendant had carried on and kept a dancing-school, for the purpose of giving instruction in dancing, and that each person admitted for such purpose paid fifty cents. The defendants asked the judge to rule, " that a school for instruction in dancing was not a public amusement, within the meaning of the statute"; but the judge refused so to rule, and instructed the jury otherwise. Was this instruction to the jury correct? The whole scope and purpose of this statute would seem to have had reference to a different assembly from that disclosed in the facts above stated ; and upon consideration of the proper construction to be given to it, the court are of opinion, that it does not embrace the case of one setting up and maintaining a school for instruction in dancing. Such a case is not within the language of the statute, nor probably one of the evils sought to be remedied by it. It clearly is not that place of public show, public amusement, or exhibition, that is prohibited by the statute. This view of the statute will not protect a party setting up places of " public amusement," to which admission is granted upon payment of money, under the color or pretence of schools for teaching dancing. But a mere school for instruction in dancing, although admittance to such school is paid for on each evening, does not present a case within the statute.

To support the second count in this indictment, the attorney for the commonwealth offered in evidence certain acts of the defendants, that took place on the day after the commencement of the term of the court, at which the indictment was found. The defendants objected to the competency of the proposed evidence. The ground of the objection is, that the indictment purports to have been found by the grand jury, at a time anterior to the time of the acts offered to show the commission of the offence. The caption of this indictment is as of the term of the court holden on the third Monday of October, 1849, and the offence is alleged to have been committed on the 20th of August, 1849. There is no doubt but that the offence may be shown to have been committed on a

different day from that alleged, either previous, or at any time subsequent to the same, up to the first day of the term at which the indictment is found. We are also equally clear, that an indictment may be returned for an offence committed at any time previous to the finding of the bill, although such offence is committed after the commencement of the term of the court at which such bill is returned. 2 Hale, P. C. 156; 1 Chit. Cr. Law, 315.

As to the form of the caption of the indictment, in regard to all cases of offences committed before the term, the caption may be general, and the time of finding the bill be properly stated as of the term. But where the offence was committed after the commencement of the term, it would seem to be the more regular and proper mode, to recite in the caption, that the indictment was found at a court begun and holden at, &c., and continued by adjournment to a day named, being after the time of the alleged offence. Such has been the practice in capital cases in Suffolk, and such seems to be the proper mode. Whether the omission to do so will require the rejection of all evidence of acts tending to show an offence committed after the commencement of the term, we have not thought necessary to decide, as we think this verdict should be set aside on other grounds.

In our view, this will be proper, inasmuch as the two counts are substantially alike; and under the ruling, it would have been competent for the jury to find a verdict against the defendants upon both counts, though the evidence proved nothing more than that the defendants kept and maintained a school for instruction in dancing. It may be, that the evidence relied upon to sustain the second count was wholly of a different character. If it was so, then it would open the further question, whether a ball or dancing assembly was such a "public amusement," as would bring the case within the statute; a point upon which no opinion is expressed. If it should be deemed expedient by the public prosecutor to proceed further in the prosecution of this case, by presenting it in a new indictment, he may avoid the objection as to the caption of this indictment.                    *Verdict set aside.*