CAROLINE M. BRANDENBURG & another *vs.* S. L. THORNDIKE
& others.

Suffolk.   Jan. 23. — March 2, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

A testator left by his will the residue of his property to trustees, in trust to pay
his wife from the net income a certain sum annually, to add the balance thereof
to the capital, and, after the death of the wife, to add the whole net income to
the capital.   The will further provided that, "at the expiration of three years
from the death of my wife, or at such time, whether earlier or later, as may in
the discretion of the trustees be found expedient and practicable for the final
settlement and distribution of my estate, the trustees shall pay, convey, and
transfer said fund in equal shares, viz. one share to each" of certain "nieces
and nephew then surviving, and one share to the issue of each of said nieces and
nephew then deceased leaving issue then surviving, according to their right of
representation."   The widow waived the provisions of the will.   *Held*, that the
bequests to the nephew and nieces were not void for remoteness.   *Held, also,*
that, during the life of the widow, the nephew and nieces were not entitled to
have the trust terminated.   *Held, also,* that the annuity to the widow was not
to be treated as intestate property.

BILL IN EQUITY by two of the heirs at law of Samuel Q.
Cochran, and legatees under his will, against the trustees under
his will and the other heirs at law and legatees, to have certain
trusts established by the will declared void, or, if held to be
valid, that they be decreed to be terminated, and that an annuity
given by the will to the testator's widow be declared to be intes-
tate estate, she having waived the provisions of the will.   The
case was reserved on the bill and answers, by *Colburn,* J., for the
consideration of the full court, and appears in the opinion.

*J. D. Ball,* for the plaintiffs.

*H. G. Parker,* for the defendants.

MORTON, C. J.   The sixth clause of the will of the testator
gives the residue of his property to trustees upon the following
trusts: " From the net income of said fund the trustees shall
pay to my said wife during her life the annual sum of forty-four
hundred dollars, in four equal quarterly instalments, and shall
add the balance thereof to the capital, and after the death of
my wife shall add the whole net income to the capital.   At the
expiration of three years from the death of my wife, or at such
time, whether earlier or later, as may, in the discretion of the

trustees, be found expedient and practicable for the final settlement and distribution of my estate, the trustees shall pay, convey, and transfer said fund in equal shares, viz. one share to each of my following nieces and nephew, then surviving," (naming them,) " and one share to the issue of each of said nieces and nephew then deceased leaving issue then surviving, according to their right of representation."

The testator died in March, 1881, leaving no issue, and his will was admitted to probate in April, 1881. In May, 1881, the widow filed in the registry of probate a writing signed by her, waiving the provisions made for her in the will, and thereupon the Probate Court assigned to her the portion of the estate to which she was entitled under the provisions of the Pub. Sts. c. 127, § 18.

The plaintiffs contend that the bequests to the nieces and nephew are void for remoteness, because the estates given them may not vest until more than twenty-one years have passed after the death of the widow of the testator. But this is not the fair construction of the will. It does not leave it to the unlimited discretion of the trustees to delay the vesting or enjoyment of the estates to such time as they think expedient. They are to pay and transfer the fund at the expiration of three years from the death of the widow, or at such time, earlier or later, as they may find expedient and practicable for the final settlement and distribution of the estate. Taking the view most favorable to the plaintiffs, the discretion of the trustees to delay the payment after the expiration of the three years is limited to such time as is reasonably necessary to settle the estate. They could not delay longer without violating their duty, and in case of unreasonable delay they would be compelled by a court of equity to make the payment and transfer. In no contingency could it be necessary or reasonable to delay the settlement and distribution of the estate for twenty-one years after the death of the widow. The estates of the nieces and nephew must vest within the limitation of time prescribed by the law against perpetuities, and the bequests therefore are not void for remoteness.

The plaintiffs also contend that, if this be so, the trusts should be decreed to be terminated, and the shares of the nieces

and nephew should be paid and transferred to them. Without doubt it is in the power of the court to decree the termination of a trust, and the conveyance of the estate to the parties beneficially interested in it, when all the purposes of the trust have been accomplished and the entire interests under it have all vested in the party seeking the conveyance. *Bowditch* v. *Andrew*, 8 Allen, 339. *Inches* v. *Hill*, 106 Mass. 575. But this is not such a case. The objects of the trust as created by the testator have not been accomplished, and all the beneficial interest in the trust fund has not vested in the nieces and nephew now living. The waiver by the widow of the provisions made for her in the will annuls only the provisions of the will in which she has a personal interest. It may diminish the residue of the estate out of which legatees are to be paid, but it does not revoke or affect the bequests to other legatees. All the other provisions of the will are to be carried out as far as practicable. *Firth* v. *Denny*, 2 Allen, 468. *Plympton* v. *Plympton*, 6 Allen, 178.

We must construe the bequest in favor of the nieces and nephew in the same manner as if the widow had accepted the provisions of the will. Recurring to this bequest, it is clear that it cannot now be determined who will take under it. It is a bequest to the nieces and nephew " then surviving," and to the issue of each niece or nephew "then deceased leaving issue then surviving." It cannot be known that any of the nieces and nephew now living will take anything under this bequest. This furnishes a conclusive reason why the trust cannot now be terminated.

The plaintiffs further contend that the annuity of $4400 provided for the widow is, since she has renounced this provision in her favor, to be treated as intestate property. We can see no ground for this claim. The testator intended to dispose of all his property, and that the whole income of the residue beyond what was needed to carry out the provisions of the will should be added to the capital and accumulate for the benefit of those who were ultimately to take the capital. The income of a residue is the product and a part of the residue, and must be added to it, as the testator has made no other effective disposition of it.                    *Bill dismissed.*