# Estate of Juan F. Portuondo, deceased.  Appeal of Maud Dugro.

*Wills—Election by widow to take against will.*

Testator left the residue of his estate in trust to his executors to pay two thirds of the net income to his wife for life, and the remaining third of the income to his mother during the lifetime of his wife.   There were limitations over after the death of the mother and wife.   The wife by her election against the will took one half of the real estate for life, and one half of the personal estate absolutely.   *Held*, that, while on final distribution of the principal, the mother would receive only one third of the half, yet during the lifetime of the testator's wife she was entitled to receive the net income of one third of the whole residuary estate.

Argued March 30, 1898.   Appeal, No. 2, Jan. T., 1898, by Maud Dugro, the stepdaughter, a legatee, from decree of O. C. Phila. Co., Jan. T., 1897, No. 239, dismissing exceptions to adjudication.   Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the lower court, by FERGUSON, J., which was as follows :

The testator, after some specific devises and bequests, gave all the rest, residue, and remainder of his estate to his executors in trust to invest the same, and of the net income arising therefrom pay to his wife during the full term of her natural life two thirds thereof, and the remaining third of said net income to his mother during the lifetime of his said wife.   In case of the death of his mother, her share of the said income was to be paid to his sisters, and in case of the death of his wife, then the whole principal of his estate was to be divided into three parts, of which he gave to his stepdaughter one third absolutely.   To his executors, in trust for the children of his stepson, another third, and to his mother the remaining third, and in case of her death during the life of his wife, then this one third was to go to his sisters.

The scheme of the testator's will was therefore very plain and simple if nothing had happened to interfere with it.   But

his widow exercised the right given her by the law, and elected to take the share of his estate to which she was entitled under the intestate laws. As there was no issue, she thereby became entitled to one half of the real estate for life and one half of the personal estate absolutely. Thus the plan of the testator was frustrated, and the trust estate which he undertook to establish for the support of his wife and his mother was destroyed to the extent of having one half of the principal thereof taken away.

The questions presented by the exceptions were: first, whether the trust for the benefit of the mother remained intact, notwithstanding the widow's election; and, second, whether the widow was now to be considered as if she were naturally dead, and the balance of the principal distributed, as provided by the will of the testator, upon the happening of that event. It was contended that in Ferguson's Estate, 138 Pa. 208, Vance's Estate, 141 Pa. 201, and Woodburn's Estate, 151 Pa. 586, it was held by the Supreme Court that the election of the widow to take against the will of her husband was equivalent to her death, and therefore the payment of the bequests to those in remainder was accelerated, and they became presently due and payable as if she were actually dead. This is, no doubt, the law as declared by these cases, when, under the will, there is no other purpose to be served than to maintain the estate for the widow during her lifetime. Her election is then equivalent to her death. The law is different when there are other trusts in the will besides those for the widow. Then the intention of the testator with reference to these is as far as possible to be carried out and performed. As was said in Ferguson's Estate: " The principle is well settled that equity will depart from the literal provisions of a will in order to carry out a superior or preferred intent of the testator which would otherwise fail. But the object is not to produce a distribution which the court may think more equal or more equitable, but to approximate as closely as possible to the scheme of the testator which has failed by reason of intervening rights or circumstances. Hence the regular order of the will is never departed from except of necessity, and then only to the extent that necessity requires." In Vance's Estate the Supreme Court said : " By such election the widow takes her share as if her husband had died intestate,

and the will then operates on the rest of the estate precisely as if the widow were dead. A court of equity will interpose, if necessity requires, to preserve the intention of the testator from destruction; but such interposition should never take place in favor of a subordinate as against a preferred or superior intent." In Woodburn's Estate the court said: "When, therefore, the testator's only discoverable purpose failed or was superseded by the widow's election to take against the will, the trust established only to serve that purpose became useless and ended."

In this case the testator created a trust for the benefit of two persons, his wife and his mother. His wife, by her election, destroyed that created for her. That is the end of that; but how could she by any act destroy the trust created for his mother, by which she is entitled to one third of the income of the residuary estate during the life of the wife, if by any possibility this trust can be executed? This is not a trust for the widow alone. There is another person interested, and as long as the purpose of the testator with reference to her can be performed, it must be done. The scheme of the will is not to be departed from except when necessity requires, and there is no such necessity in this case; because even after the widow's one half has been taken from the residuary estate, enough can be set apart to secure to the mother the income which the testator intended she should have during his wife's lifetime. She will be disappointed in not receiving the share of the principal upon the widow's death that the testator said she should have. This cannot now be helped, but the income that the testator intended for her during the life of his widow can be preserved, and this it is the duty of this court to do.

It was contended that the will of the testator only operated upon what was left after the widow's one half of the personalty had been taken, and therefore the mother was entitled to only the income upon one third of this balance. While it is true that when the time for final distribution of the principal arrives, it will only be what is left that is to be distributed, and the distributees will then receive only one third of a half respectively, instead of one third of the whole residuary estate, yet until that time, by the terms of the testator's will, the mother is entitled to one third of the income of the whole residuary estate, and as this object and purpose of the testator can be carried out, not-

withstanding the widow's election, we think that in equity and justice, and upon the authority of the cases above cited, it should be done.

The exceptions are all dismissed. The schedule of distribution will, however, be amended in that the legacy of $1,000 to Edna Faunce will not be deducted before the widow's share is ascertained. Exceptions dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*A. T. Freedley*, for appellant.—Under item six of testator's will Juliana Portuondo is entitled to one third of the residuary passing under testator's will. The auditing judge has awarded her two thirds thereof.

The widow electing to take against the will takes her share as if her husband had died intestate. After her interest is determined the will then operates on the rest of the estate : McIntosh's Est., 158 Pa. 534; Vance's Est., 141 Pa. 201; Ferguson's Est., 138 Pa. 208; Hoover v. Landis, 76 Pa. 354; Anderson's App., 36 Pa. 476 ; Cunningham's Est., 137 Pa. 621 ; Greiner's App., 103 Pa. 92; Lilly v. Menke, 126 Mo. 210.

After the widow's election, the residuary legatees named in item seven of the will are each entitled to one third of testator's residuary estate.

The widow having elected to take against the will, the estates limited in remainder after her death were accelerated : Coover's App., 74 Pa. 143; Young's App., 108 Pa. 17; Woodburn's Est., 151 Pa. 586.

*M. Hampton Todd*, with him *Wm. F. Johnson*, for appellees, cited Vance's Est., 141 Pa. 201; Gallagher's App., 87 Pa. 200; Ferguson's Est., 138 Pa. 208; Wood v. Wood, 1 Metcalf (Ky.), 512.

PER CURIAM, April 11, 1898 :

The decree in this case is affirmed on the opinion of the learned court below.

Decree affirmed and appeal dismissed at the cost of the appellant.