SYLVESTER B. LEONARD, executor, *vs.* CLARISSA W. HAWORTH, appellant.

Middlesex.    January 25, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Appointment of Trustee — Waiver of Will by Widow — Funeral Expenses, Burial Lot, and Monument — Perpetuity — Termination of Trust — Nearest of Kin — Nearest Blood Relations — Contingent Remainder.*

Where a will contains no devise or bequest to any one as a trustee of the testator's estate, but appoints his brother to be executor and trustee, and the ultimate division which the testator contemplates is not to be made until all the provisions of the will have been carried out, and this will require action on the part of an executor or trustee after the death of the survivor of his widow and his sister, the word "trustee" must be regarded as used not merely as a synonym for "executor," and the brother may be appointed trustee.

While a testamentary provision for the preservation, adornment, and repair of a private monument may be void as creating a perpetuity for a use not charitable, a provision which will be completely performed upon the decease of the testator's widow is not open to that objection.

While, after the waiver by a widow of the provisions made for her in her husband's will she cannot demand that funds, as directed therein, shall be kept to pay the expenses of her funeral, and to erect a suitable tablet at the head of her grave, it is the duty of the executor, notwithstanding the objections of the widow, to retain funds sufficient for those purposes, until, upon her death, the funds shall be so expended, or their use, as the testator has willed that they should be used, shall have been shown to be impossible.

The words, "when my wife has deceased and her funeral expenses have been paid, and all the provisions named in this will have been carried out, I will what is left of my estate be devided among my nearest of kin," there being a provision for the use of a certain one of the testator's tenements by a sister during her whole natural life, indicate, when considered with the whole scope of the will, the intention that those who shall be the testator's nearest blood relations at the death of the survivor of his wife and sister shall then take what shall be left of his property.

.PETITION to the Judge of Probate of the County of Middlesex, by the executor of the will of James Leonard, to obtain the

instructions of the court as to the construction thereof. The judge entered a decree, from which Clarissa W. Haworth, a sister of the testator, appealed to this court. Hearing before *Lathrop*, J., who, at the request of the parties, reserved the case on the papers on file and an agreed statement of facts, the court to draw inferences of fact as it might see fit, for the consideration of the full court. The facts appear in the opinion.

*F. A. Fisher*, for the appellant.

*W. H. Anderson*, for the executor, submitted the case on a brief.

BARKER, J. The questions for decision are whether the testator's estate is to be held in trust; whether a part of his estate shall be retained to meet and discharge the funeral expenses of his widow and to place a suitable tablet at the head of her grave, notwithstanding the fact that she has waived the provisions of his will; and whether, under the direction that " when my wife has deceased and her funeral expenses have been paid and all the provisions named in this will have been carried out, I will what is left of my estate be devided among my nearest of kin," those who were the testator's nearest of kin at his death take a vested remainder, or those who will be his nearest of kin at the time of distribution will take under a remainder now contingent.

The testator died in his seventy-fourth year, and the will was written by himself, in the belief that he had not long to live, a few months before his death. His property consisted of a share of stock worth $1,175, a gold watch worth $50, mechanic's tools worth $25, other personalty worth $100, and three parcels of real estate, his home, and one single and one double tenement house, the whole value of the real estate being $12,370. His debts did not exceed $200. The language of his will indicates that he was somewhat illiterate, and that he had no exact knowledge of the meaning of legal terms. His wife was seventy-two years of age, and without issue. When the will was made, and at the testator's death, his only next of kin were Clarissa W. Haworth, a sister, the wife of Thomas Haworth, then in her seventy-fourth year, and then and now without living issue, and Sylvester B. Leonard, a brother, the executor, then in his seventy-first year, and who had two unmarried daughters then

of the respective ages of forty and thirty-five years. The sister had for many years occupied the tenement, the use of which was given to her for life, paying rent therefor to the testator.

The widow having waived the provisions of the will, real estate to the amount of $5,000 has been assigned to her under the statute, and this amount is in excess of the value of either of the three parcels of the testator's real estate. She has been given an allowance of $400, and the testator's personalty is insufficient by more than $300 for the payment of the allowance, the charges of administration, the debts, and the legacies. The cemetery lot, wherein the testator is buried, was the property of his mother when she died intestate, her only heirs at law having been the testator and his brother and sister. The widow is unwilling that her funeral expenses shall be paid, or a tablet be placed at the head of her grave, by the executor of the testator, or paid for out of his estate.

1. Whether the remainder is vested or contingent, the estate cannot be finally settled while the widow and the sister both live. While the will contains no devise or bequest to any one as a trustee of the testator's estate, it does nominate and appoint his brother to be executor and trustee. The ultimate division which the testator contemplated was not to be made until all the provisions of his will had been carried out, and this would require action on the part of an executor or trustee after the death of the survivor of his widow and his sister. We think, therefore, that the word " trustee " was not used merely as a synonym for "executor," and that the brother may be appointed as trustee.

2. While there is no explicit provision that the funeral expenses of the testator's widow shall be paid out of his estate, we think it sufficiently appears to have been his intention that they should be so paid, and that she should be buried in the lot owned by himself and his brother and sister, and by the side of her deceased daughter, and that a suitable tablet should be placed at the head of his widow's grave at the expense of his estate.* If his widow's present intentions shall continue, it may

* The material portions of article 7 are as follows: " When my wife has deceased and her funeral expenses have been paid and all the provisions named in this will have been carried out, I will what is left of my estate be

be impossible for the executor or trustee to carry out these intentions of the testator. But they are not merely provisions made for her in his will. They are directions as to the disposal of his own estate, which he might properly make, and which are to be carried into effect by his executor or trustee if possible. While a testamentary provision for the preservation, adornment, and repair of a private monument may be void as creating a perpetuity for a use not charitable, this provision is open to no such objection, as it would be completely performed upon the decease of the testator's wife. Although since her waiver of the provisions made for her benefit she cannot demand that funds shall be kept to pay the expenses of her funeral, or to erect a suitable tablet at the head of her grave, it is yet the duty of the executor to retain funds sufficient for those purposes, until upon the widow's death the funds shall be so expended, or their use, as the testator has willed that they should be used, shall have been shown to be impossible. This provision may have some effect upon the members of the testator's family other than his widow, and, not being solely for her personal benefit, is not abrogated by her waiver. See *Plympton* v. *Plympton*, 6 Allen, 178, 182; *Brandenburg* v. *Thorndike*, 139 Mass. 102.

3. We think that it was the testator's intention that his estate should not finally be divided or go to his next of kin until the death of the survivor of his wife and sister, and that it should then be divided among those persons who should then be his next of kin. By the scheme of his will, taking into consideration the value and amount of his real and personal estate, he intended that his wife should have the use of his home and the rents and income of two of his tenement houses during her life, and that his sister should have the use of his other tenement house during her life. This, for the time during which his wife and sister should both live, disposed of all his real estate. His household furniture, ornaments, library, and pictures were given absolutely to his wife, and his tools and watch to his brother. This disposed of his personalty except the one share of stock,

---

devided among my nearest of kin, and when my wife Harriet J. Leonard shai have deceased I derect that she be burred in our lot in the Lowell Cemcterry by the side of her beloved daughter and that a suitable tablet placed at the head of her grave."

worth $1,175, which he would not suppose to be more than enough to pay his debts and the legacy to the trustees of the cemetery and the expenses of his wife's funeral and of the tablets which he directed to be put up, and the charges and expenses of administration.

His wife and sister were both old and childless, and he would naturally expect that they would live about the same length of time, and that when both should be dead there would be no living kin of his blood except his brother, that brother's daughters, and their children if they should marry. His sister's husband was alive, and if the testator gave to her a vested interest in the estate, its value was so small that upon her death her husband if he survived her might take it all under the statute, or at any rate the much larger share of it, so that practically whatever the sister should take by way of remainder would not go to his kin but to a stranger in blood. It is to be noticed that there are no words specifically giving the remainder to next of kin, or explicitly giving the legal title to trustees during the life estates, but that the final disposition is made by this provision: "When my wife has deceased and her funeral expenses have been paid and all the provisions named in this will have been carried out, I will what is left of my estate be devided among my nearest of kin." These words "nearest of kin" mean nearest blood relations. *Swasey* v. *Jaques*, 144 Mass. 135. *Keniston* v. *Mayhew*, 169 Mass. 166, 169. They indicate an intention that after all has been done which he has provided elsewhere in his will shall be done, including the use of a certain one of his tenements by his sister during her whole natural life, all that is then left of his property shall be divided among those who shall then be his nearest blood relations. If this intention did not appear from the whole scope of the will, the sister being at the testator's death only one of his next of kin, the construction would be otherwise. *Keniston* v. *Mayhew*, 169 Mass. 166. *Welch* v. *Brimmer*, 169 Mass. 204. *Heard* v. *Read*, 169 Mass. 216, 222, 223. But in view of the circumstances before mentioned, we think the intention of this testator was that those who should be his nearest blood relations at the death of the survivor of his wife and sister should then take what should be left of his property.

The result is, that the decree appealed from is correct, save

that, instead of declaring that the balance of the estate will under the seventh clause of the will vest in and become the property of those who after the decease of Mrs. Haworth are then the nearest of kin of the testator, it should declare that the time of vesting will be at the death of the survivor of the widow and the sister.                    *Decree to be entered accordingly.*