OCTAVIUS B. ·SHREVE & another, executors, *vs.* MARY L. SHREVE & another.

Essex. November 9, 1899. — June 22, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Will — Waiver by Widow — Residue in Trust — Acceleration — Disappointed Legatees — Sequestration of Income.*

A testator gave by will the residue of his estate, in trust, the income of one half to be paid to his son O., and the income of the other half "to my wife, or they [the trustees] shall apply the income and interest as they may judge best to the support and maintenance of my wife and children by her begotten, till there is no child surviving under twenty-one years of age, or till all shall have died before arriving at the age of twenty-one years. After they shall have arrived at twenty-one years of age, one half of the income shall be paid to my wife, during her lifetime. And the other half (and the whole, in case my wife shall have deceased) shall be applied to the support and maintenance of the children mentioned in this part of my will and the whole income at the death of my wife." The testator was twice married, and left as his only issue two sons, O. by his first wife, and H., a minor of eighteen, by his second and surviving wife, who waived the provisions of the will. *Held,* that before H. became of age the income of one half of the residue being payable to the widow and H. jointly became, under the 'doctrine of *Plympton* v. *Plympton,* 6 Allen, 178, payable to H. alone, and that after H. became of age the income payable to the widow was sequestered to compensate the disappointed legatees O. and H., and was payable to them severally in the ratio in which they were respectively disappointed.

BILL IN EQUITY, by the executors of and the trustees under the will of Benjamin Shreve, praying for the construction thereof.

After a devise to his son, Octavius B. Shreve, of the messuage on Chestnut Street in Salem, the testator gave the residue in trust, the income of one half to be paid to Octavius, and then provided as follows:

"The other half part of the residue of my estate, real and personal, my trustee or their successor or successors, shall hold under this trust. They shall pay the income to my wife, or they shall apply the income and interest as they may judge best to the support and maintenance of my wife and children by her begotten, till there is no child surviving under twenty-one years of age, or till all shall have died before arriving at the age of twenty-one years. After they shall have arrived at twenty-one

years of age, one half of the income shall be paid to my wife, during her lifetime. And the other half (and the whole, in case my wife shall have deceased) shall be applied to the support and maintenance of the children mentioned in this part of my will and the whole income at the death of my wife. When either child dies leaving issue the trustees shall appropriate from the trust fund and pay over to such issue a sum equal to the principal from which the parent drew his or her income, and the issue of any deceased child shall receive at the death of my wife, its distributive share of the principal from which my wife drew her income. If either child dies, leaving no issue, his or her share in the income and interest shall be paid to the surviving child or children. If the last surviving child dies without issue, the trust estate shall be conveyed, and paid over to my heirs at law at that event. If the children shall all die before arriving at twenty-one years of age, leaving no issue, one half of the fund held in trust under this part of my will shall go to their issue, respectively, if any, if no issue, then it shall be conveyed and paid over to my heirs at law. At the death of my wife, no issue of mine by her begotten, surviving, the estate then shall be conveyed and paid over to my heirs at law who will be my heirs at law at that time."

The bill alleged that Benjamin Shreve was twice married, and left a widow, Mary L. Shreve, and as his only issue two sons, Octavius B. Shreve, a son by his first wife, and Henry M. Shreve, a minor of the age of eighteen years, son of his second wife, Mary L. Shreve; that, she having waived the provisions of the will, commissioners had assigned to her dower in the lands of her deceased husband, and that after payment to her of the $10,000 to which she became entitled by the waiver, and after setting aside to be held in trust the balance of such portion of the personal estate as she was entitled to receive the income of, and after paying all other expenses and liabilities, there remained more than $75,000 of personal property and real estate.

The prayer was for an answer to the following questions:

"1. What shall be done with the income of said half of the residue until said Henry M. Shreve becomes of the age of twenty-one years? 2. What shall be done with the income of said one half of the residue during the lifetime of said widow,

after said Henry M. Shreve becomes of the age of twenty-one years?"

*Hammond*, J., reported the case for the determination of the full court.

*G. F. Richardson*, (*D. M. Richardson* with him,) for the plaintiffs.

*H. P. Moulton*, for the defendants.

HAMMOND, J. The testator was twice married, and at his decease he left surviving him a widow, Mary L. Shreve, and, as his only issue, Octavius B. Shreve, a son by his first wife, and Henry M. Shreve, a son by the said Mary, his second wife.

The general scheme of the will is that after the devise of " the messuage on Chestnut Street " to his son Octavius, the residue shall be held in trust, the income of one half to be paid to Octavius, and that of the other half to be paid to or for the benefit of the widow and her children ; and the beneficiaries of one half have no interest in or control over the other half. This general purpose meets with no interference by the widow's waiver, except so far as this residue is thereby diminished. The will is to be read as though there were no provisions for the widow.

Excluding her from the operation of the will, it is plain that during the minority of Henry the residue, as reduced by the amount taken by the widow under her waiver, is to be held in trust, the income of one half of which is to be paid to or for the use of Octavius, and that of the other half, which under the will was to be paid to the widow and Henry jointly, is to be paid to or for the use of Henry. *Firth* v. *Denny*, 2 Allen, 468. *Plympton* v. *Plympton*, 6 Allen, 178. *Brandenburg* v. *Thorndike*, 139 Mass. 102.

But the will provides that the income of the second half shall be paid, after Henry becomes of age, to him and the widow, not jointly, but in separate portions. Hence a different rule applies. The widow having waived the provisions of the will, and the trust estate being thereby diminished by the amount required to satisfy her claims, both Octavius and Henry are disappointed legatees.

The rule of law is, that if there be a devise for life with remainder over, and the life estate be renounced or it be void, the remainder is good and takes effect immediately. *Shelley's case*, 1 Co. 88 b, 101 a. *Fuller* v. *Fuller*, Cr. Eliz. 422, 423.

So far as respects Henry, he would be compensated by this doctrine of acceleration; and if no other devisees or legatees were affected, the result would be simply that upon arriving at his majority he would receive not only the income given to him under the will, but also that given to the widow.

But it is manifest that this would not do justice to Octavius, the other disappointed legatee. His income also has been diminished by the act of the widow, and it is just that some portion of the legacy renounced by the widow should go to compensate him.

The legacy which the widow has renounced from which compensation is to be made is the income of one fourth of the residue from the time Henry reaches his majority until her death. Under these circumstances equity, by the great weight of authority, will sequester a portion of this income for the benefit of Octavius and his family. *Firth* v. *Denny*, 2 Allen, 468. *Plympton* v. *Plympton*, 6 Allen, 178. *Timberlake* v. *Parish*, 5 Dana, (Ky. 345. *Hinkley* v. *House of Refuge*, 40 Md. 461, 469. *Latta* v. *Brown*, 96 Tenn. 343. *Jones* v. *Knappen*, 63 Vt. 391. *McReynolds* v. *Counts*, 9 Grat. 242. *Morriss* v. *Garland*, 78 Va. 215. *Dillon* v. *Parker*, 1 Swanst. 359. *Gretton* v. *Haward*, 1 Swanst. 409. *Batione's estate*, 136 Penn. St. 308. Story Eq. Jur. §§ 1083, 1084, and cases cited.

By the scheme of this will Octavius was to have twice as much income as Henry during the life of the widow. By any diminution of the principal from which this income is derived, the income of the former, as compared with the latter, is diminished two dollars for one. Equity requires that his compensation from the fund renounced by the widow should be in the same ratio.

The result is that that part of the income which was renounced by the widow, accruing after Henry comes to his majority, namely, one fourth of the income of the estate, should be shared between Octavius and Henry in the ratio of two to one, so that the former shall receive two thirds and the latter one third of this income; and since the remaining income is divided in the same ratio, it follows that the whole income is to go, two thirds to Octavius and one third to Henry.

*Decree accordingly.*