Matthias, J.
 

 The sole question presented is whether under the terms of the provisions of this will the doctrine of acceleration of remainders has any application.
 

 This doctrine is defined in 28 Euling Case Law, 334, as follows: ‘ ‘ The doctrine is one of interpretation, and proceeds on the supposition that though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, yet, in point of fact, it is to be read as a limitation of a remainder, to take effect in every event which removes the prior estate out of the way. * * * The rule now under consideration, like all other rules for the interpretation of a will, yields to the manifest intent of the testator, and if it is manifest that the testator did not intend such a result, there will be no acceleration.”
 

 
 *493
 
 The doctrine rests upon the presumed intention of the testator and will be applied only when pro-motive of that intention. It is a rule of interpretation and is to be applied so as to effect and not to defeat the testator’s intention.
 
 Holdren, Admr.,
 
 v.
 
 Holdren,
 
 78 Ohio St., 276, 85 N. E., 537, 18 L. R. A. (N. S.), 272.
 

 A consideration of the terms of the will before us leads to the conclusion that the application of the doctrine of acceleration to the bequests to John Buck and Howard A. Stevens would not effect, but, on the contrary, would defeat, the intention of the testator. The situation is just the reverse as to the legacies to Howard Pearson Stevens and Ruth Alma Stevens by reason of the difference in the language employed by the testator. The express condition in the bequest to Buck and in the bequest to Stevens, “should he then be living,” referring to the time of the death of testator’s wife, cannot be ignored. Under the very terms of this will these two legatees cannot take the bequest prior to the time designated, and, if not then living, the legacy would lapse. The intention of the testator is plain and cannot be thwarted or defeated by the action of another. This is in accord with the rule deduced from texts and decisions that, if a gift by express terms is not to take effect in possession until the death of the particular tenant, it is not accelerated by renunciation.
 

 In the instant case the widow’s death was the time fixed for the payment of the bequests to Buck and Stevens, respectively, “should he then be living.” This presents a situation where the remaindermen were to be determined at the time of the widow’s death. The decision of this court in the
 
 *494
 
 case of
 
 Holdren
 
 v.
 
 Holdren, supra,
 
 and the cases there cited, furnish ample authority for the conclusion that the bequests to Buck and Stevens are not accelerated by the election of the widow to take under the law and her renunciation of the provisions of the will in her favor.
 

 The judgment of the Court of Appeals will be accordingly modified, and, as modified, affirmed.
 

 Judgment modified and affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.