Williams, J.
 

 The law which permits the carving of a lesser estate out of the greater, as for instance a life estate out of a fee, has application in general to real estate. By analogy the rules as to creation of estates are applied to personal property, but, due to its mobile and transient characteristics, the trust medium is often resorted to to protect and safeguard the interests of the various persons entitled thereto. Here we are concerned with a trust fund and the law as to the acceleration of remainders would apply as if realty were involved.
 

 The doctrine of acceleration of remainders is recognized in Ohio and has been applied where a testator bequeaths or devises property to his surviving spouse for life, with a simple remainder over and the latter elects not to take under the will. In such case the remainder, being vested, is accelerated and the remainderman comes into enjoyment of it immediately on the theory that it is the presumed intention of the testator that enjoyment of the fee should be in the remainderman when the life estate ends and the elec
 
 *115
 
 tion not to take under the will has the same effect in law as the death of the first taker.
 
 Davidson
 
 v.
 
 Miners & Mechanics Savings & Trust Co.,
 
 129 Ohio St., 418, 195 N. E., 845;
 
 Holdren
 
 v.
 
 Holdren,
 
 78 Ohio St., 276, 85 N. E., 537, 18 L. R. A. (N. S.), 272;
 
 Stevens, Exr.,
 
 v.
 
 Stevens,
 
 121 Ohio St., 490, 169 N. E., 570.
 

 According to the weight of authority a contingent remainder will not be accelerated. Many cases bearing on this principle are collected in the annotations found in 5 A. L. R., 473, and 17 A. L. R., 314 and 62 A. L. R., 206. The rule as to acceleration when alternative substitutional gifts are involved is discussed and various cases analyzed in the annotation in 5 A. L. R., 460.
 

 It seems that in the instant ease we are not much concerned with difficult problems arising out of contingent remainders and substitutional gifts. At least our first inquiry is whether the estate of the refractory donee will be sequestered in equity to compensate the disappointed residuary legatee. If that is answered in the affirmative it is determinative of the litigation for in such event there can be no acceleration.
 

 The doctrine of equitable compensation as applied to disappointed legatees or devisees through renunciation of a life estate by election not to take under a will is recognized in Ohio.
 
 Dunlap
 
 v.
 
 McCloud,
 
 84 Ohio St., 272, 95 N. E., 774, 35 L. R. A. (N. S.), 851.
 
 Holdren
 
 v.
 
 Holdren, supra; Stevens, Exr.,
 
 v.
 
 Stevens, supra.
 

 There are many cases which apply this doctrine to residuary legatees without qualification and sanction sequestration of the rejected life interest in equity and the collection and conservation of the income therefrom for the use and benefit of the disappointed legatee entitled to the residuum of the estate.
 
 Sellick
 
 v.
 
 Sellick,
 
 207 Mich., 194, 173 N. W., 609, 5 A. L. R., 1621;
 
 Jones, Admr.,
 
 v.
 
 Knappen,
 
 63 Vt., 391, 22 A., 630, 14 L. R. A., 293;
 
 Hinckley
 
 v.
 
 House of Refuge,
 
 40 Md.,
 
 *116
 
 461, 17 Am. Rep., 617;
 
 Firth
 
 v. Benny, 84 Mass. (2 Allen), 468;
 
 Kirchner et al., Exrs.,
 
 v.
 
 Kirchner,
 
 71 N. Y. Misc., 57, 127 N. Y. S., 399;
 
 Shreve
 
 v.
 
 Shreve,
 
 176 Mass., 456, 57 N. E., 686;
 
 McReynolds
 
 v.
 
 Counts,
 
 50 Va. (9 Grratt.), 242;
 
 Meek
 
 v.
 
 Trotter,
 
 133 Tenn., 145, 180 S. W., 176;
 
 In re Portuondo’s Estate,
 
 185 Pa., 472, 39 A., 1105.
 

 In other eases the court has refused to apply the doctrine as to a residuary legatee unless there is “a plain implication in the will that the residuary legatee is in fact a preferred object of the testator’s bounty.”
 
 Estate of Vance,
 
 141 Pa., 201, 21 A., 643, 23 Am. St. Rep., 267, 12 L. R. A., 227;
 
 Trustees Church Rome
 
 v.
 
 Morris,
 
 99 Ky., 317, 36 S. W., 2;
 
 In re Ferguson’s Estate,
 
 138 Pa., 208, 20 A., 945;
 
 Adams
 
 v.
 
 Legroo,
 
 111 Me., 302, 89 A., 63.
 

 Under Item IX of the will the residuary legatee, Kenyon College, is to receive the income from $50,000 to be held by the testamentary trustee and devoted to the education and support of worthy and deserving students of Kenyon College, the fund to be known as “The David Lewis Scholarship Fund.” The balance of said residuary trust estate is to be used by the Trustees of Kenyon College for the erection of a new building on the college campus to be known as “The David Lewis Memorial Building.” Specific directions are also incorporated in this item of the will as to the erection of this building.
 

 It is conceded in the record that had the husband, Joseph Rauh, elected to take under the will, the estate would have been sufficient to satisfy all provisions made by the testatrix and leave in the residuary estate bequeathed to Kenyon College more than $250,000, but, due to the fact that he elected not to take under the will, the trust estate created by Item IX of the will has been so diminished as to leave nothing for Kenyon College if the remainders are accelerated. Thus acceleration would defeat not only the presumed but also
 
 *117
 
 the expressed intention of the testatrix. The only-way in which such intention can be put into effect is to grant equitable compensation to the disappointed beneficiary, the residuary legatee, and sequestrate the interest of the refractory donee for its benefit. In this way all the prior participating legatees who share in the trust fund after the death of testatrix’s husband will receive under Item IX the specific legacies in full at the time and in the amount fixed in the will, and the residuary legatee, Kenyon College, will at the same time receive a substantial amount as residue.
 

 The testamentary trustee, The Cleveland Trust Company, will continue to hold in trust under the terms of the will for accumulation the entire amount of the trust fund during the life of the husband, Joseph Rauh, and at his death make distribution thereof as provided in Item IX of the will.
 

 The judgments of the Court of Common Pleas and Court of Appeals will be reversed and final judgment will be entered in favor of plaintiff in error construing the will as herein indicated.
 

 Judgment reversed.
 

 Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.