In the Matter of the Accounting of ANNA M. BARRY, as Substituted Trustee under the Will of ALBERT BURK, Deceased. MARY E. WRIGHT, Appellant; ANNA M. BARRY, Individually and as Substituted Trustee under the Will of ALBERT BURK, Deceased, et al., Respondents.— Appeal by a sister of testator's wife, from so much of a final decree, judicially settling the final account of the substituted trustee, which construes the will so as to entitle appellant to one eighth of the estate. Decree of the Orange County Surrogate's Court modified on the law by striking therefrom all provisions made for next of kin of Annie Burk and substituting therefor a provision that appellant is entitled to one half of the estate. As so modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant, payable out of the estate. Testator made his will in 1922, giving his entire estate in trust to pay the income to his wife for life. Testator died in 1931 and his wife died in 1947. In paragraph "Second" of the will it was provided that, upon the death of the wife, one half of the estate was to be distributed to testator's "nearest of kin" and the other half of his wife's "nearest of kin". The Surrogate construed the phrase "nearest of kin" to mean "next of kin" and held that appellant, the sole surviving sister of testator's wife, must share half of the estate with nephews and nieces, children of predeceased brothers of the testator's wife. This was error. "Nearest of kin" is not synonymous with "next of kin" and appellant is entitled to the entire one half of the estate as the nearest of kin of the testator's wife to the exclusion of the nephews and nieces. (*Matter of Martin*, 255 N. Y. 248; *Haas* v. *Speenburgh*, 122 Misc. 458, affd. 212 App. Div. 844; *Clark* v. *Mack*, 161 Mich. 545; *Leonard* v. *Haworth*, 171 Mass. 496; *Ennis* v. *Pentz*, 3 Bradf. 382; *Locke* v. *Locke*, 45 N. J. Eq. 97; *Jones* v. *Parsons*, 182 Iowa 1377; 11 A. L. R. 331.) We are without power to pass upon a construction of another phrase of the will requested by some of the respondents

in the absence of an appeal from the decree by such respondents. (*Wilson* **v.** *Mechanical Orguinette Co.,* 170 N. Y. 542; *Matter of Davis,* 149 N. Y. 539; *Kelsey* v. *Western,* 2 N. Y. 500.) Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [190 Misc. 931.]