FUNKHOUSER ET, PLAINTIFFS, *v.* DORFMEIER, EXR., ET, DEFENDANTS.

Probate Court, Montgomery County.

No. 158175. Decided May 3, 1963.

141

*Mr. R. W. Berridge*, for plaintiffs.
*Messrs. Dorfmeier & Dorfmeier*, for executor.
*Mr. Wm. C. Wiseman*, Guardian ad litem.

ZIMMERS, J.   Wilson G. Clagett died testate on the 29th day of May, 1961. On June 5, 1961, his will was duly admitted to probate and Virgil Z. Dorfmeier, defendant herein, was duly appointed and qualified as his executor.

The said testator's will provided several minor bequests and then placed the residue of his estate in trust for the benefit of his wife, Mary Clagett, and his daughters, Helen E. Funkhouser and Mary Ruth Tobias, plaintiffs herein. His will provides that his widow is to receive in installments as she shall request up to $7000.00 per year of the income from the trust. The trustee, The Winters National Bank and Trust Company of Dayton, Ohio, is then given discretion to increase this amount if her needs warrant such increase. The balance of the income, if any, is to be distributed to the testator's daughters in equal shares or, in the event either of them become deceased during the pendency of the trust, the same is to be paid to her child or children. Upon the death of the spouse the principal is to be distributed as follows:

"Upon the death of my said wife, this trust shall cease and determine and the trust estate shall be divided equally between my said daughters, Helen E. Funkhouser and Mary Ruth Tobias. And, if either or both of them are then deceased,

then her share shall be divided equally among her then surviving children.''

On March 2, 1962, Mary Clagett, surviving spouse, duly elected to take her share pursuant to the statute of descent and distribution, thereby renouncing the provisions for her under the will of the testator. The testator's daughters then filed a petition for a declaratory judgment wherein they request the Court to declare that under the facts heretofore stated their interests in the trust are accelerated and that they are entitled to immediate possession and control of the assets remaining in the estate.

All of the grandchildren of the testator are made parties defendant to this proceeding and those of whom are minors have been duly represented by a guardian ad litem who has filed an answer and brief on their behalf.

Section 2107.39, Revised Code, provides in part as follows: "If such spouse elects to take under such section, such spouse shall take not to exceed one-half of the net estate *and unless the will shall expressly provide that in case of such election there shall be no acceleration of remainder or other interests bequeathed or devised by the will, the balance of the net estate shall be distributed as though such spouse had predeceased the testator.*'' (Emphasis added.)

The above emphasized portion of the statute was enacted as an amendment effective October 16, 1953, and may be found in 125 Ohio Laws, 411. None of the counsel in this case have cited any reported decisions which have construed or applied the law as amended. The Court was also unable to find any such reported opinions. The Court was also unable to find any other state which has enacted a provision similar to the amendment.

Before the statute was amended there were several pronouncements by the Ohio Supreme Court with respect to the problem at bar. In *Davidson* v. *Miners and Mechanics Savings and Trust Company*, 129 Ohio St., 418, the doctrine of acceleration of remainders was applied. In that case the remainder was vested in right and since the testamentary plan postponed possession only for the benefit of the spouse, the Court found that the testator would be presumed to have intended the remainder to accelerate, there being no purpose to postpone enjoyment other than the intervening life estate for the spouse.

Before the *Davidson case, supra*, the Supreme Court had refused to accelerate the remainder in *Stevens* v. *Stevens*, 121 Ohio St., 490. In the latter case the estate was to be liquidated upon the widow's death and the proceeds therefrom distributed to certain persons "if then living." The Court found that contingent remainders could not be accelerated because the doctrine of acceleration of remainders is a rule of construction based upon presumptive intent. The Court concluded that if the testator used such clear words of contingency, his expressed intent could not be varied by a rule of construction.

In a later case, *Trustees of Kenyon College* v. *Cleveland Trust Company*, 130 Ohio St., 107, a number of contingent remainders in a trust were created subject to a life interest which was granted to the spouse of the testatrix. The spouse elected to take under the statute of descent and distribution and the contingent remaindermen in trust contended that the remainders were accelerated. The residuary trust passed to Kenyon College and, if the remainders were accelerated as contended, Kenyon College would have received nothing due to the surviving spouse's election against the will. In the latter case the Supreme Court did not simply find the remainder interests to be contingent and refuse to accelerate the same on the basis of the *Stevens case* as might have been expected. Instead, the Supreme Court rationalized its decision not to accelerate the remainders under the equitable doctrine that the estate of a refractory donee will be sequestered in order to compensate a disappointed residuary legatee. After examining the facts the Court concluded that acceleration in that case would defeat not only the presumed but also the expressed intention of the testatrix. In other words, since it was clear that the testatrix intended Kenyon College to have something, the Court concluded that the case was a proper one for the sequestration of the life interest of the refractory donee for the benefit of the disappointed residuary trust beneficiary.

In all of the above cases it is clear that the courts never depart from the cardinal rule of will construction which is to examine the four corners of the will and to determine the intent of the testator therefrom. In most cases where the surviving spouse elects to renounce the provisions made for her under the will, the will does not expressly provide a disposition in such

event and the plan of the testator has become so foiled that the interpretation of his testamentary intent in such a situation falls just short of pure conjecture notwithstanding the application of so-called rules of will construction. It is this true picture of the problem confronting this Court in the case at bar which, in the opinion of this Court, led the Legislature to enact the above referred to amendment to Section 2107.39, Revised Code. The comment on said amendment by the Probate Code Committee which is found in Merrick-Rippner, Ohio Probate Law, Page 66, is as follows:

"(2) Committee comment (1953).

"Prior to the amendment of this section there was no provision in the statutes for acceleration of remainders when a surviving spouse elects to take under the law. The amendment to this section now has the effect of accelerating remainders or other interests bequeathed or devised by the will where a surviving spouse elects to take under the law unless the will expressly otherwise provides. In order to take advantage of the marital deduction under the Federal Estate Tax Regulations, elections are being made by surviving spouses to take under the law. In some instances, a legal question immediately arises as to whether the remainder is accelerated. Judicial decisions indicate that it is necessary to construe the instrument as a whole in order to ascertain the intention of the testator. If there is any doubt in the minds of the executors or trustees, then it is necessary that an action be filed to construe the will."

It is this Court's opinion that the Legislature has clearly placed the burden upon the testator to expressly prevent the acceleration of remainders and other interests in the event that his or her spouse elects to take against his or her will. The adverb "expressly" modified "shall provide that in case of such election there shall be no acceleration of remainder or other interest bequeathed or devised by the will . . ." This Court is of the opinion, therefore, that in order to prevent the application of an acceleration of the remainder or other interest the testator must use words which anticipate the situation in which the spouse would elect to take against the will or at least must use words which prohibit the acceleration in any event.

Another way to state the issue in the case at bar is, does the amendment to the statute change the rule of the *Stevens*

*case* as to contingent remainders? It is obvious from the foregoing that this Court is of the opinion that it does. The Court is of the opinion that the amended statute constitutes such an election as a constructive death or as a death by operation of law in the absence of an express provision to the contrary. It is interesting to note that in those jurisdictions which hold that a contingent remainder may be accelerated in such event, the result is reached by an extension of the rule that *the election against the will* by the particular life tenant *is equivalent to his death*, the contingency being thereby determined and the estate vested. See Page on Wills, Lifetime edition, Volume 4, Section 1390, at pages 91 and 92, citing cases.

It is further the opinion of this Court that the Legislature's requirement for an expressed prohibition against acceleration is not satisfied by the creation of a contingent remainder. The provisions of the amendment do not limit its application to vested remainders, but generally refer to remainder and other interests bequeathed or devised by the will.

In light of amended Section 2107.39, Revised Code, of which the testator has presumed knowledge, the Court finds that there is no express provision against acceleration in the event his widow elected to take under the statute of descent and distribution and that the daughters' interests in the trust accelerate. There being no purpose remaining to establish the trust, it necessarily follows that the Executor should distribute the remaining estate assets directly to the daughters, in equal shares.

If the statutory requirement did not solve the problem at bar, this Court would find from the four corners of the will that the trust was created solely for the purpose of securing an income for the testator's spouse. Since she has frustrated that purpose by her election, his will should be construed to vest the remaining trust assets in right and enjoyment upon the termination of the intermediate estate which occurred at the time of her election.

An entry may be prepared accordingly, with costs to the estate.