Where testator devised the remainder after the death of his widow to persons not determinable until that time, because of a provision letting in certain issue if then alive, the remainders are not accelerated by the election of the widow to claim dower, rather than accept the life estate given her.

2. ELECTION BY WIDOW—DEPLETION OF LEGACIES.

On election of a widow to take dower, rather than the life estate given by the will, the satisfaction of her dower necessitated the application thereto of a part of the proceeds of real estate given by the will to others. *Held*, that the income accruing during her lifetime must be applied as long as necessary to make good the deficiency accruing during the widow's lifetime, as long as might be necessary, but not beyond her lifetime as to the legacies depleted by her election to take dower.

3. EXECUTORS—COMMISSIONS.

Where executors set apart a trust fund, and paid out its income, and the principal is distributable, they are entitled to commissions on the principal both as executors and trustees; but, where the beneficiary dies before the fund is set apart, they are entitled to commissions as executors only.

4. SAME.

No commissions can be allowed executors on payment of dower admeasured by a judgment of the supreme court.

In the matter of the judicial settlement of the executors of Bryan Lawrence. Decree modified.

William C. Orr, for executors.

James E. Kelly, Joseph F. Daly, Coudert Bros., Kernan Bros. & Quin, and Rastus S. Ransom, for legatees.

FITZGERALD, S. In passing upon the provisions of the decree submitted for settlement, further consideration of the questions to which they relate has led to the modification of some of the views I previously expressed. See 36 Misc. Rep. 275, 73 N. Y. Supp. 414. These modifications will appear in connection with the other matters which I now proceed to dispose of.

I have concluded that no acceleration of the remainders in the Fifty-Seventh and Seventy-Second street property, devised after the death of the widow, was effected by her election to take dower, as the persons entitled to such remainders pursuant to the terms of the will could be ascertained and determined only upon the death of the widow. And this is so in the case of the disposition in favor of the issue of the son who died after the testator, as well as that made for the benefit of the other devisees. The persons who at the time of the

death of the widow shall be entitled to the net proceeds of the sale of the properties would, if the widow had accepted the provisions of the will for her benefit, be entitled to receive such proceeds without abatement or reduction. But the widow having elected to take her dower, and having been paid the value thereof out of the proceeds of sale, the amount taken therefrom should be restored from the income received and to be received from such proceeds during the lifetime of the widow. When that has been done, the income of the fund so constituted should be applied, as long as it may be necessary, but not beyond the lifetime of the widow, toward making good the deficiencies in the legacies caused by the widow's election to take her dower. The disposition to be made of any of the income that may be received after the making up of such deficiencies is a matter which will be reserved for decision until the occasion arises for the distribution of the same. If the funds in the hands of the executors applicable to the purpose are more than sufficient to pay in full all the legacies entitled to priority of payment over those given by the ninth clause of the will, the balance is to be distributed pro rata among the latter. But if there is an insufficiency to pay the other legacies in full, then the legacies bequeathed by the sixth, seventh and eighth clauses are to be preferentially paid in the order prescribed by the will.

The estate being over $100,000 above the debts, each executor is entitled to full commissions. The trust fund of $30,000 for the benefit of Mary C. Sniffen having been set apart, and the income thereof paid to her by the trustees, and the principal being now distributable, each of the accountants is entitled to full commissions, both as executors and trustees, on the amount of such principal. Commissions are allowed to the accountants as executors only on the $10,000 given in trust to Joseph B. Lawrence for life, he having died before the same was set apart as a separate trust fund. As to the capital of the several trust funds to be set apart by the decree to be entered, such commissions as the trustees may become entitled to in respect to the same, or by reason of their receiving it, will be determined on their first accounting as trustees. Dower having been admeasured by decree of the supreme court in an action therein, the payment thereof is not an executorial duty by virtue of the will, and no commissions thereon can be allowed. Costs have been taxed.

The decree should be modified in conformity with the foregoing memorandum. Decree modified.