MARY I. L. ADAMS, in Equity, *vs.* JOHN O. LEGROO et als.

Franklin.    Opinion December 16, 1913.

*Bequests.   Codicil.   Construction.   Intention.   Remaindermen.   Renunciation.*
*Sequestration.   Waiver.   Will.*

By the will dated November 23, 1905, the testatrix made several pecuniary
bequests aggregating about $1500, including a small bequest to her husband
and gave the residue of her estate to her nephews named.    May 24, 1910,
she made a codicil, in which the testatrix gave in trust to a person named,
$2000, to be invested by the trustee, and if her husband survived her, the
income thereof and so much of the principal as should be necessary for his
comfortable maintenance and support was to be used for that purpose, and
at his decease, if any of said fund remains unexpended, she gave to certain
persons named.    The testatrix died without issue.    Her husband waived
the provisions for him in the will and codicil, taking one-half of the estate,
which was about $4000.

Isabel Pratt, a legatee in the will for $200, died before the death of the testa-
trix.

*Held:*

1.  In construing the will and codicil in the light of the situation and cir-
cumstances of the testatrix, when the codicil was made, it is the opinion
of the court that she intended that the pecuniary bequests in her will should
be paid and that she regarded these bequests superior to the provisions
that any unexpended balance of the trust fund remaining at the death of
her husband was to go to the persons therein named.

2.  That the intention of the testatrix that the pecuniary bequests in her will
should be paid, can and should be carried out by using so much of the
trust fund as may be necessary therefor to pay those bequests made in the
will.

3.  That the interest of the remaindermen in the trust fund takes precedence
of the interest of the residuary legatees in the will.

4.  If the net estate left after the husband's share is taken out, is in excess
of the $2000 trust fund, that excess will be applied to the payment of the
pecuniary bequests, and then the trust fund must contribute enough to
satisfy the balance of the pecuniary bequests, and what remains of the trust
fund will belong to the remaindermen named in the codicil.

5.  The bequest to Isabel Pratt lapsed as she died before the death of the
testatrix, and was not related to her by blood.

On report. Decree according to the opinion.

This is a bill in equity for the construction of the will and codicil of Relefa Legroo, brought by the executrix thereof. All of the parties defendant filed answers admitting the various allegations in the bill in equity, and replications thereto were filed. At the conclusion of the hearing before the presiding Justice, the case was reported to the Law Court upon the following stipulation: "In this case, the Justice hearing the same being of the opinion that questions of law are involved of sufficient importance and doubt to justify the same, and the parties agreeing thereto, the case is reported to the Law Court for determination."

The case is stated in the opinion.

*Joseph C. Holman,* for plaintiff.

*C. N. Blanchard, Currier C. Holman, and Frank W. Butler,* for defendants.

Sitting: Savage, C. J. Spear, Cornish, King, Philbrook, JJ.

King, J. The questions presented center about the effect to be given to the codicil to the will of Relefa Legroo in view of her husband's waiver of the provisions therein made for him.

By the codicil the testatrix gave in trust to a person therein named the sum of $2000 to be invested by the trustee and, if her husband survived her, the income therefrom, and so much of the principal as should be necessary for his comfortable maintenance and support, was to be used for that purpose, and at his decease, "if any of said fund remains unexpended, then I give, bequeath and devise the balance of the same" to certain persons therein named.

The husband's election to waive the provisions made for him and take his share of the estate under the statute affects materially the other legatees having bequests under the will; in fact his share of the estate is practically all there is of it except the amount required for the trust fund, and if that fund is to be preserved intact for the remaindermen named in the codicil, notwithstanding the husband's waiver, then the other bequests in the will cannot be paid in whole or in part. Is such an effect the necessary result of the waiver?

We think it cannot be held that the husband's waiver abrogated all the provisions of the codicil so that the trust fund therein created

was ipso facto destroyed. There was a gift over of any balance of the trust fund remaining unexpended at the husband's death, and therefore, others had an interest therein, contingent though it was. And it is a well settled principle that a waiver by a husband or wife of a testamentary provision annuls so much thereof only as the person waiving it had a personal interest in, leaving the force and effect of the rest of the provision to be determined with a proper consideration for the interests of the other legatees and devisees under the will in view of the diminished state of the testator's property as a result of the waiver.

Generally the extinction of the first interest carved out of an estate accelerates the right of the second taker, and lets him into the immediate enjoyment of the estate. But it is not an unyielding rule that remaindermen, under a testamentary provision for a husband or wife which has been waived, are entitled to the gift over irrespective of the effect of the waiver upon other bequests and legacies contained in the will. Except as the waiver necessarily modifies it, the will is to be given effect as nearly as possible according to its terms to carry out the intention of the testator. The courts have carefully refrained from permitting such an election to affect the other testamentary dispositions made in the will, except so far as necessarily results from the waiver, holding that the bequests to other legatees are to have full force and effect so far as any estate remains from which they may be paid. *Firth* v. *Denny,* 2 Allen, 468, 470; *Blandenburg* v. *Thorndike,* 139 Mass., 102, 104; *Fox* v. *Rumery,* 68 Maine, 121, 129.

And the doctrine is well recognized, that a renounced testamentary provision for husband or wife may be sequestered for the benefit of legatees or devisees whose portions have been diminished as a result of the renunciation. This doctrine is a qualification of the general rule that a gift over shall take effect upon the termination of the particular estate or interest, however such termination is effected, by holding that the rule must yield to an obvious intention to the contrary deduced from the manifest purpose of the testator in the disposition of his bounty, which it is presumed he desired to have carried out so far as possible. Hence the well

settled principle that equity will interpose, if necessity requires it, to preserve a superior or preferred intent of the testator from destruction.

The principle is thus stated in Pom. Eq. Jur. Vol. 1, sec. 517: "A court of equity will then sequester the benefits intended for the electing beneficiary in order to secure compensation to those persons whom his election disappoints." In Woerner's Law of Administration (119) the author says: "The rejection by the widow of the provisions made for her by will generally results in the diminution or contravention of devises and legacies to other parties. The rule in such case is that the devise or legacy which the widow rejects is to be applied in compensation of those whom her election disappoints." The following are some of the cases in which this doctrine has been considered and applied. *Timberlake* v. *Parish,* 5 Dana, 346; *Sarles* v. *Sarles,* 19 Abb. N. C., 322; Re Lawrence, 37 Misc., 702, 76 N. Y. Supp., 653; Sandoes Appeal, 65 Pa. St., 314; Ferguson's Estate, 138 P. St., 208, 20 Atl., 945; Vance's Estate, 141 Pa. St., 201, 21 Atl., 643; Portuondo's Estate (Pa.) 39 Atl., 1105. *Latta* v. *Brown,* 96 Tenn., 343, 31 L. R. A., 840; *Wakefield* v. *Wakefield,* 256 Ill., 296, 100 N. E., 275; *Jones* v. *Knappen,* (Vt.) 14 L. R. A., 293 and note; *Holdren* v. *Holdren,* 78 Ohio St., 276, reported also in 18 L. R. A. (N. S.), 272 with a case note in which the acceleration of remainders by reason of a widow's waiver of a testamentary provision in her behalf, and the doctrine of the sequestration of such a renounced provision, are considered and the authorities collated. The author of the note says: "It has been almost always held that such a sequestration will take place for the benefit of specific or general legatees or devisees the provision for whom has been affected by the widow's election." The controlling doctrine announced in these authorities, and, as we think, supported by the weight of authority, is that the renounced provision should be used to compensate as far as may be, the devises and legacies diminished by such renunciation, on the principle that equity will depart from the literal provision of a will when necessary in order to carry out a superior intent of the testator, which would otherwise fail.

Applying this doctrine to the case at bar what is the necessary conclusion?

The will and codicil are to be read together as one instrument, and effect is to be given to the intent of the testatrix to be ascertained from the words she used read in the light of the circumstances under which she employed them, provided that in so doing no fixed and unyielding rule of construction is violated.

In her will dated November 23rd, 1905, the testatrix made the following pecuniary bequests to others besides her husband: to the Methodist Episcopal Church of Wilton, $600; to Mary Ellen Pratt, widow of Albert Pratt, $50; to Hattie Littlejohn, the adopted daughter of Albert and Mary L. Pratt, $25; to her brother, Francis C. Pratt, $25; to Isabel Pratt, wife of her brother Francis, $200; to her niece, Etta Pratt, $200; to her step-daughter, Mary I. L. Adams, $100; to two children of her step-daughter, $100 each; to Norris E. Adams, $50.

On May 24, 1910, about six months before her death, she made the codicil. Her estate of about $4000 net consisted of rights and credits. It is to be presumed that when she made the codicil she knew the amount of her estate, and knew that her husband by law would be entitled to one-half of it, she being childless. In that situation and under those circumstances she made the codicil, providing therein the trust fund of $2000 all of which was to be used, if necessary, for her husband's support during his life. Her estate was abundant for that trust fund and for the payment of all the pecuniary bequests contained in her will, leaving a material sum for the residuary legatees. By the codicil she did not revoke or alter any of those pecuniary bequests to others contained in her will, but on the other hand, we think, the language of the codicil, "Prior to any of the gifts and bequests in my said will I hereby make the following," recognizes and retains the gifts and bequests of the will.

Construing the will and codicil in the light of the situation and circumstances of the testatrix when the codicil was made we have no doubt that she intended that the pecuniary bequests in her will should be paid, and that she regarded those bequests as superior to the provision of the codicil that any balance of the trust fund remaining unexpended at the husband's death was to go to the persons therein named.

Her husband's election to take under the statute against the will and codicil withdraws one-half of the estate from the operation of

the provisions of the will, the effect of which necessarily is, unless otherwise controlled, to wholly defeat the pecuniary bequests in the will contrary to the obvious superior intent of the testatrix. Such a result should be prevented if possible, and it may be done, under the equitable doctrine of sequestration herein stated, by using so much of the trust fund as may be necessary to pay the pecuniary bequests. And it is the opinion of the court that so much of the trust fund as may be found necessary is to be used for that purpose.

The fifth clause of the will is as follows: "I give and bequeath to Isabel Pratt, wife of Francis Pratt, the sum of two hundred dollars." This legatee died before the death of the testatrix, and she was not related to her by blood. Accordingly her legacy lapsed. *Kenniston* v. *Adams,* 80 Maine, 290; *Farnsworth* v. *Whiting,* 102 Maine, 296.

We have herein stated that the husband's waiver did not wholly abrogate all the provisions of the codicil. The provisions for the remaindermen therein named, though yielding to what we have found to be the superior intent of the testatrix that the specific pecuniary bequests to other legatees should be paid, is to be given effect so far as practicable. And we are of opinion that the interest of the remaindermen in the trust fund takes precedence of the interest of the residuary legatees in the will. In other words, if the net estate left after the husband's share is taken is in excess of the amount of the $2000 trust fund that excess will be applied to the payment of the pecuniary bequests and then the trust fund must contribute enough to satisfy the balance of the pecuniary bequests, and what then remains of the trust fund will belong to the remaindermen named in the codicil.

And we think the remaindermen are entitled to receive at once the balance of the trust fund under the doctrine of acceleration, for no contrary intention on the part of the testatrix is discoverable, and the persons who are to receive it are all specified and determined by the codicil. The authorities seem unanimous that, in the absence of a controlling equity or an express or implied provision in the will to the contrary, the renunciation by the first taker of his interest that is carved out of an estate, accelerates the interest of the second taker and lets him into the immediate enjoyment of it. *Fox* v. *Rumery,* 68 Maine, 121. See note to *Holdren* v. *Holdren,* 18 L. R. A. (N. S.) 272.

In the foregoing opinion all the questions presented have been answered, and it does not seem necessary to further summarize them.  The costs of these proceedings, including a reasonable counsel fee for complainant's attorney, may properly be decreed a charge· upon the estate.

*Decree according to the opinion.*