In the Matter of the Estate of JOHN B. DONCHIAN, Deceased.

Surrogate's Court, New York County, June 15, 1926.

Wills — executors and administrators — that part of real estate not passing to charity under Decedent Estate Law, § 17, was not equitably converted — charitable legatee is entitled to interest commencing one year after issuance of letters at rate earned by entire trust fund — Federal income tax for part of year 1921 preceding testator's death is debt of testator — commissions on real property converted for charitable devise is administration expense — commissions on real property going to heirs at law is chargeable against share of each devisee — amount paid widow chargeable against her share — amount of taxes and water rates is debt of testator — executors charged with duty of claiming rebate against Federal government — cost of operation of farm charged against real property less income received therefrom — executors' commissions on half of real property passing to heirs charged against that portion of estate — commissions not allowed on payment of dower interest to widow — rent for two apartments constitutes debt of estate — three full commissions allowed to be divided among five executors.

Where the testator's will is invalid in part as to a devise to charity because more than one-half thereof is devised in violation of section 17 of the Decedent Estate Law, the one-half not going to charity is not equitably converted under a provision directing the conversion of the realty into personalty, but passes directly to the heirs at law and next of kin as intestate property.

The charitable legatee is entitled to interest on the one-half passing to it, the interest to commence one year after the date of the issuance of letters and to be paid at the rate earned on the entire trust fund during the period of its administration.

That part of the Federal income taxes upon income earned by the testator during that part of the year 1921 preceding his death constitutes a debt of the testator, for although the Federal Revenue Act of 1921 was not signed until November 23, 1921, it was retroactive as of January 1, 1921.

The amount paid for commissions on the sale of real estate, stamps on deeds and cost of tax searches is an administration expense in so far as it relates to the one-half of the realty passing to charity, and the corresponding expense as to the other half of the realty passing to the heirs is chargeable against the shares of the heirs.

The sum of $2,880 the value of certain shares of bank stock which were delivered by the executors to the widow, should be charged against her share in the estate, for a judgment obtained by the assignee of the widow embraces the recovery of bonds only and does not include the stock in question.

The taxes on the real property for the first half of the year 1921 and the water rent for the entire year constitute a debt of the testator.

The executors are charged with the duty of claiming a rebate against the Federal government for the Federal estate taxes paid by them upon the share of the charitable legatee.

The cost of operating a farm should be charged against the real property less the amount of the income derived therefrom.

The commissions to executors upon the one-half of the real property which, although converted into personalty, passes to the heirs at law directly, is chargeable against that portion of the estate.

Commissions should not be allowed on the amount paid to the widow for her dower interest.

The amount paid by the executor for rent for two apartments in a co-operative apartment building is properly chargeable as a debt of the estate and not as a debt of the testator.

Three full executors' commissions are allowed to be divided equally among the five executors.

PROCEEDING to settle account of executors.

*Johnson, Heymann, Galston & Holstein,* for the executors.

*Noble, Morgan & Scammell,* for American Board of Commissioners for Foreign Missions.

*Hurry & Dutton,* for Evelyn B. Donchian.

*Thomas M. Day,* special guardian.

*John A. Dutton,* of counsel.

*William O. Morgan,* of counsel.

O'BRIEN, S.   The testator died on September 14, 1921.   He left him surviving his widow, Evelyn S. Donchian, two brothers, since deceased, three sisters, and nieces and nephews, children of a deceased brother and a deceased sister.   By his will he gave his widow the sum of $5,000 and certain jewelry and personal effects, to his sisters $3,000 each, and the remainder of the estate to trustees in trust, to pay the income to the extent of $8,000 a year to his widow for life, and upon her death he directed the principal of his residuary estate, including any accumulated income, to be paid to the American Board of Commissioners for Foreign Missions, the income derived from the residuary estate to be expended in certain States in Asia Minor for asylums, schools, hospitals and churches.   The provisions for Mrs. Donchian in the will were to be in lieu of dower and upon the condition that the proceeds of certain life insurance policies on the life of the testator wherein Mrs. Donchian was designated as beneficiary be transferred to his executors and trustees.   The widow elected to take dower and rejected the provisions in the will for her benefit.   As a result of her action, a construction of the will became necessary.

A proceeding to construe the will was thereupon had in this court (120 Misc. 535), and terminated in a decree by Surrogate FOLEY, dated May 1, 1923, which adjudged that the widow, Mrs. Donchian, forfeited all of the provisions made for her in and by said will of the testator; that the life estate created by the residuary clause of the will fell in, and the disposition as to the income in excess of

$8,000 per year therein mentioned likewise failed; that the direction for the accumulation of income was void, and that the remainder was accelerated and should be paid to the American Board of Commissioners for Foreign Missions, the remaindermen therein named, subject, however, to the condition that the bequest to the American Board of Commissioners for Foreign Missions, in so far as it exceeds one-half of the estate, after the deductions of the widow's dower and the debts of the decedent, was invalid under section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301), and that such bequest was valid to the extent of such one-half and no more; that ascertainment of the amount of the estate and the amount of such bequest must await the final accounting; that the power of sale contained in the 8th paragraph of the will was not affected by the widow's election, and that the executors had power to convert and distribute the estate in cash as directed by the will.

Upon appeal the decree was affirmed. (209 App. Div. 806.) The executors have now accounted. Numerous questions have been submitted to the surrogate for his determination. The questions raised are disposed of as follows:

1. There was no equitable conversion of the decedent's real property into personalty as to that part of the residuary estate not passing to the American Board of Commissioners of Foreign Missions. Although the will of the testator directed the conversion of realty into personalty, since the will was valid only as to the disposition of one-half of the estate, conversion could take place only as to that one-half, that is, with respect to the property to which the American Board of Commissioners for Foreign Missions became entitled. As to the remaining half, the testator died intestate under section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301), and it passed as intestate property; the real property to the heirs at law and the personal property under our intestate statute. (*Jones* v. *Kelly*, 170 N. Y. 401; *Matter of Braasch*, 206 App. Div. 96; *Matter of Ham*, 213 id. 487; *Barber* v. *Terry*, 224 N. Y. 334.) As was pointed out in *Jones* v. *Kelly* (*supra*): " That he intended to have it all turned into cash there can be no doubt, but so too did he intend to give it all when so converted " into cash " to the two charitable institutions; * * * but his plan offended *in part* against the law of the state, and as to such part the legal result is the same as if he had not made any attempt to dispose of that part of his estate, for as to that " part " he died intestate."

It may be noted, further, that testator's widow, having rejected the provisions for her benefit in the will, and having elected to

take dower instead, she received the sum of $25,000 as an admeasurement of dower.

2. The American Board of Commissioners for Foreign Missions is entitled to interest on its share of the estate from the expiration of one year after the issuance of letters testamentary. The question of interest arising here is dependent upon the nature of the charitable gift, which is limited by section 17 of the Decedent Estate Law (as amd. by Laws of 1923, chap. 301). It was held in *Matter of Seymour* (239 N. Y. 259) that such legacy is in the nature of a general legacy for a fixed sum. The court there said: " The statute speaks as of the time of the death of the deceased. (*St. John* v. *Andrews Institute,* 191 N. Y. 254.) As of that time the value of the estate is to be fixed upon the same basis as if it had been then turned into cash and the amount which a charitable corporation may receive then determined. To that amount it is entitled, no more and no less. * * * Out of the remaining half of the estate must be paid all expenses of administration, all legacies and all commissions. To it also must be attributed all profits and all losses must be charged against it alone. By virtue of the statute a residuary gift to the corporation uncertain in amount is transformed into a *general legacy for a fixed sum.* (*Matter of Brooklyn Trust Co.,* 179 App. Div. 262, 264.) The same rule is applied as in the case of all general legacies and all residuary estates."

The rule is well settled that upon a general legacy interest is payable from the expiration of one year after the issuance of letters. I hold that the fair rate of interest to be paid to the American Board of Commissioners of Foreign Missions is the rate earned on the entire trust during the period of its administration. (*Matter of Brown,* 115 Misc. 710, 711.)

3. The sum of $8,199.19, the income taxes paid upon income earned by the testator for that part of the year 1921 which preceded his death, on September 14, 1921, is properly a debt of the testator, within the meaning of section 17 of the Decedent Estate Law, and not an administration expense. The Federal income tax upon incomes earned during the year 1921 was provided for by the Revenue Act of 1921 (42 U. S. Stat. 227), which became effective by the signature of the President of the United States on November 23, 1921, and was retroactive as of January 1, 1921. The moment, therefore, that income was earned by the testator at any time during the year 1921 up to the date of his death, he became liable to pay the tax thereon to the Federal government, even though it did not become payable until March, 1922. The tax was a personal tax against the testator. It was an obligation upon which

the government could have recovered a judgment as of the date of the death of the testator.

4. The sum of $2,969 for commissions on the sale of real estate, stamps on deeds and tax searches should be charged as follows: So far as the one-half of the realty converted into personalty, which passed to the American Board of Commissioners for Foreign Missions, is concerned, the cost of converting such realty is properly chargeable as an administration expense. The cost of converting the remaining half of the realty passing to the heirs should be charged against the shares of the heirs at law.

5. The sum of $2,880, the value of the twelve shares of Boardwalk National Bank stock delivered by the executors to the widow, Mrs. Donchian, in September, 1923, should be charged against her share in the estate. The judgment obtained by the assignee of Mrs. Donchian embraced the recovery of bonds only and, therefore, under the receipt given by Mrs. Donchian in September, 1923, the executors of the estate are authorized and empowered to charge the value of this stock against her interest in the estate.

6. The sum of $2,062.59, expended in payment of taxes upon the real property of the estate for the first half of the year 1921 and for water for the year 1921, with the penalties and other interests on mortgages upon said property to the date of testator's death, is conceded by the American Board of Commissioners for Foreign Missions to be properly a debt of the testator.

7. The contention that the supplemental account should charge the executors with the duty of claiming a rebate against the Federal government for the Federal estate tax paid by them to the government upon the share of the American Board of Commissioners for Foreign Missions is sustained. There is no dispute as to this.

8. The question of the payment of the judgment of $70,000 has already been covered by a separate decision of this court. (See N. Y. L. J. May 25, 1926.) The account should set forth the judgment as a debt of the estate.

9. It was stipulated in open court that the sum of $3,530.03, the cost of maintaining Harmony farm, should be charged against the real property, and the sum of $310.07, the income derived from the operation of said farm, should be deducted from the expense of operating the farm.

10. Commissions to the executors upon the one-half of the real property, which although converted into personalty passed to the heirs at law directly, should be charged against that portion of the estate payable to them. The sale of the real property was not in any respect for the benefit of those entitled to share in the residue of the personalty.

11. No commissions are allowed on the amount paid to Mrs. Donchian for her dower interest in the real property. (*Matter of Lawrence,* 37 Misc. 702.)

12. While viewed literally or strictly, the payments made by the executors of the sum of $4,307.71 for rent for the two apartments selected by testator in premises 136 East Sixty-seventh street, New York city, pursuant to a contract covering his interest in this co-operative apartment building, may not be termed a " debt " of testator, since the mere selection of the apartments did not bind him to the extent that a judgment might be had for unpaid rent, I am of the opinion and hold that these rents should be treated as a debt of the estate, because the engagement of the apartments, more of the nature of a privilege than of an obligation, was the very purpose of testator's entering into the project and the executors were only carrying out the plan and purpose initiated by him.

13. As to the objections concerning attorney's fees, I am of the opinion in the face of the letter of April 3, 1925, that the additional payment should be limited to $5,000, and the objection to the payment of $1,500 counsel fees is sustained.

14. Three full commissions will be allowed, to be divided equally among the five executors. Special guardians' allowance tax payable out of the estate.

Submit decree settling the account in accordance with this decision.