ABRAHAM FIRTH & others *vs.* JOSEPH A. DENNY & others.

A. testator in his will, after various absolute devises and bequests, directed a certain sum to be invested, and the income thereof to be paid to his wife during her life, and, after her death, to be distributed among various legatees in certain specified sums, and gave the rest of his estate to his residuary legatees. He died without leaving issue, and his widow waived the provisions of the will in her behalf, and thereby became entitled to a larger share of his estate than the will gave her. *Held*, that the residuary legatees are entitled, during the life of the widow, to the income of the fund provided for her, and after her death the principal should go to the legatees named in the will, in like manner as if the widow had accepted the provision therein made for her.

BILL IN EQUITY by the executors of the will of Isaac Southgate, praying for the direction of this court as to the proper disposal to be made of the sum of nine thousand dollars, the income of which was bequeathed by him to his wife during her life.

The will, after the above bequest, contained the following provision : " And I hereby authorize and empower my executors, whom I hereby appoint as trustees, the survivors and survivor and their successors, to invest the last mentioned sum, to wit, nine thousand dollars, as soon as conveniently may be after my decease, in some safe way on interest, and pay over semi-annually the net income thereof to my said wife during her life." The testator, in subsequent clauses of his will, gave one half of this fund, after the death of his wife, in different sums to various legatees ; and, after devising and bequeathing to Abraham Firth,

Silas Gleason and Dwight Bisco all the residue of his real and personal estate, after the numerous specific devises and bequests contained in his will, he gave to the same persons, after the death of his wife, the other half of the fund above mentioned, the whole of said residue and fund to be held in trust for the benefit of the Unitarian Society in Leicester, with various and minute provisions respecting the same.* There were various other absolute devises and bequests.

The bill, after setting forth the above provisions of the will in detail, alleged that the testator left a widow, the wife before named, and no issue; that the trust referred to has been accepted; that the widow has waived the provisions of the will, and is entitled to a much larger amount of the real and personal estate than the will gave her; and that there is property enough to pay all the legacies.

The defendants, being all the persons interested in the will, were defaulted, and the bill was taken *pro confesso.*

*G. F. Hoar,* for the plaintiffs. The main and leading purpose of raising the $9000 fund having failed, the whole legacy to the executors as trustees of that fund lapses and goes into the residue. The acceptance by the wife of the devise is a condition precedent to its vesting in the trustees, and, that having failed, the whole legacy lapses. *Davis* v. *Norton,* 2 P. W. 390. *Estcourt* v. *Warry,* Comb. 437. *Doe* v. *Wilkinson,* 2 T. R. 209. *Denn* v. *Bagshaw,* 6 T. R. 512. *Holmes* v. *Cradock,* 3 Ves. Jr. 320. *Humberstone* v. *Stanton,* 1 Ves. & B. 385. There is no fund, of which his wife had the income during her life. And the whole will, taken together, indicates a general intent corresponding with this view. 1. The residuary trust is a special and favorite object of the testator's bounty. 2. The main object of raising the $9000 fund was to provide for his wife's maintenance. It was what she did not consume, and that only,

---

* The language of the various bequests from this fund was similar. That to Almira Woodcock, one of the legatees, was as follows: "I also give to the said Almira, after the death of my said wife, five hundred dollars, of which she, my said wife, has the income during her life; and I order my said trustees, or their successors, to pay it over accordingly."

of this fund, that is, the remainder after her death, that the lega-
tees were to have. But she consumes the whole, and more.
3. The fact that some legacies were absolute, and these legacies
out of a particular fund, indicates that the testator intended it
as a condition that the fund should remain entire. 4. If this
fund had been lost after investment, clearly the legatees after
her death could have had no contribution from the residue.
Why then should they have it now, when the fund cannot
exist? 5. If the wife had died before the testator, on the au-
thorities above cited these legacies would have lapsed. 6. The
legatees are not persons for whom the testator was bound to
provide.

At any rate, the legacies from the fund are not payable until
the wife's death.

*P. C. Bacon & P. E. Aldrich,* for the defendants. The ac-
ceptance of the bequest by the wife was not a condition prece-
dent; these legacies were demonstrative, and given with reference
to a particular fund, but the failure of that fund, by the waiver
of the wife, does not deprive the legatees of their legacies.
*Balliet's Appeal,* 14 Penn. State R. 451. *Walls* v. *Stewart,* 16
Penn. State R. 281. *Ludlam's Estate,* 13 Penn. State R. 188.
*Sparrow* v. *Josselyn,* 16 Beav. 135. *White* v. *Winchester,* 6 Pick.
54. *Foote, app't,* 22 Pick. 302. *Kirby* v. *Potter,* 4 Ves. Jr. 748.
*Rider* v. *Wager,* 2 P. W. 328. *Coleman* v. *Coleman,* 2 Ves. Jr.
639, note. *Smith* v. *Lampton,* 8 Dana, (Ky.) 69. *Stathan* v.
*Bell,* Cowp. 40. *Meadows* v. *Parry,* 1 Ves. & B. 124. *Jones* v.
*Westcomb,* Pre. Ch. 316. *Doo* v. *Brabant,* 3 Bro. C. C. 393. If
the defendants are entitled to receive their legacies, but not till
the death of the widow, the court may order the proper sum to
be set aside for the purpose, or perhaps order the sum to be paid
now, with a deduction. *Green* v. *Pigot,* 1 Bro. C. C. 105.

MERRICK, J. The widow of the testator availed herself of
her right under the statute to waive the provision made for her
in the will; and she thereupon took all that portion of his real
and personal estate to which she would have been entitled if he
had died intestate. Gen. Sts. *c.* 92, § 24. *St.* 1861, *c.* 164, § 1.
But this renunciation annulled only those provisions in the will

in which she had a personal interest. It could not revoke or invalidate the bequests to other legatees, nor in any way affect them except by causing a diminution of the remaining part of the estate out of which they were to be paid.

In recurring to the will, it appears that the testator bequeathed to his wife the income of the sum of nine thousand dollars for and during her natural life; and at her decease he bequeathed one half of said sum of nine thousand dollars in different sums to several legatees, and the other half thereof to his residuary legatees.

It does not appear exactly to what extent the election made by the widow left the residue of the estate in the hands of the executors less than it would have been if she had accepted the provision made in the will in her behalf. But this is not material, since it is agreed that after she had received all to which she became entitled in pursuance of her election, there remained sufficient estate to pay all the legatees the several specific sums bequeathed to them, and to leave still a balance to be received by the residuary legatees. And as it is a consequence that, from the election and preference expressed by the widow, there was less estate left to be distributed among the legatees than there would have been if she had not waived the provisions in the will in her behalf, the loss must fall upon the residuary legatees, because no specific or definite sum was given to them, but they were to take whatever should be left otherwise undisposed of upon a final settlement of the estate. The consequence therefore is, that the fund of nine thousand dollars, of which the income was bequeathed to the wife of the testator, must be retained in the hands of his executors during her life, and on her decease be paid over, one moiety thereof to the several legatees to whom particular and specific sums are bequeathed, and the remaining moiety to the residuary legatees, who will also be entitled to receive during her life the entire income of the whole fund, as it shall from time to time accrue; and a decree must be entered accordingly.