# Wyllner's Estate.

*Wills—Election by widow against will—Remainders—Acceleration—Trust and trustees.*

When a widow declines to accept the provision for her contained in the will of her deceased husband, she takes the interest in his entire estate to which she is entitled under the intestate laws; as to her there is no will. The remainder of the estate will then pass under the will as if the widow were dead. Any estate in the property to which she might have been entitled under the will ceases to exist. Devises or bequests, contained in the will, subordinate to a life estate in the widow and contingent upon her death, or payment of which is postponed until then, become presently payable upon her election to take under the intestate laws. Devises or bequests in remainder, to take effect at the termination of the life interest of the widow, created by the will, are accelerated and become immediately vested.

Where real estate is devised to trustees to pay one-third of the income to testator's widow for her life, and the remaining two-thirds to the testator's two children, and upon the death of the widow the whole estate is to vest in fee in the two children, and the widow elects to take against the will, the devises to the children in

remainder are accelerated and become immediately vested as of the date of the widow's election against the will; and in such a case it is immaterial that the devises are contingent upon the children surviving the widow, then over to the issue of each respectively, with cross remainders in the case of the death of either without issue.

Argued Dec. 15, 1915.    Appeal, No. 330, Oct. T., 1915, by William Wyllner, Ancillary Administrator of Estate of Morris Albert Wyllner, from decree of O. C. Philadelphia Co., Jan. T., 1908, No. 85, sustaining exceptions to adjudication in Estate of Morris Wyllner, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

Exception to adjudication of GEST, J.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to adjudication.

*Owen J. Roberts,* with him *Charles H. Eimerman,* for appellant.—The election of the widow to take against her husband's will is, in all respects, equivalent to her death, and that all interests limited to take effect upon her death become accelerated, and take effect immediately upon her election against the will, as though she were actually dead: Vance's Est., 141 Pa. 201; Coover's App., 74 Pa. 143; Ferguson's Est., 138 Pa. 208; Woodburn's Est., 151 Pa. 586; Rogers's Est., 17 Philadelphia 478; Packer's Est., 246 Pa. 97.

*Frederick J. Geiger,* with him *Edward Brooks, Jr.,* for appellee.—The election of a widow to take against a will is not equivalent to her death, where there are valid trusts for others: Coover's App., 74 Pa. 143; Ferguson's Est., 138 Pa. 208; Key's Est., 4 Dist. Ct. 134; Portuondo's Est., 185 Pa. 472.

OPINION BY PORTER, J., March 7, 1917:

Morris Wyllner died testate, on November 15, 1907, leaving a widow, Mary G. Wyllner, by whom he left no children. He left children as follows: William Wyllner and Julia Hall Wyllner (now Julia Hall Renner), by a first wife, and Morris A. Wyllner by a second wife. He appointed as executors of his will Sylvanus A. Leith and his son, Morris A. Wyllner, who duly qualified as such. The personal property of the estate was accounted for and distributed under the first account of the executors. Morris A. Wyllner died on December 16, 1914, and this account was subsequently filed by the surviving executor and trustee. The fund for distribution consists in part of the income of real estate, the remainder being the proceeds of real estate sold. The provisions of the will which are material to the consideration of the questions raised by this appeal are as follows: "All the rest, residue and remainder of my real estate......I give and devise unto my executors hereinafter named in trust to invest and keep the same invested and to collect the income therefrom and after paying all repairs, taxes and other necessary charges I direct that they shall pay one-third of the net income derived from my real estate to my wife, Mary G. Wyllner, in quarterly payments or oftener as may be most convenient during the term of her natural life and the remaining two-thirds of said net income derived from my real estate, I direct shall be paid in equal shares to my daughter, Julia Hall, and my son, Morris Albert Wyllner, during the lifetime of my said wife. If either of them should die during the lifetime of my said wife, I direct that the said income to which said decedent is entitled shall be paid to his or her issue and should either of them die during the lifetime of my said wife, without leaving issue, then I direct that said income shall be paid to the survivor or the issue of such survivor should the survivor also die during the lifetime of my said wife. Upon the death of my said wife, I give and devise the

whole of my residuary estate unto my said two children, Julia Hall and Morris Albert Wyllner, their heirs and assigns, in equal shares.    Should either of them be dead at such time, leaving issue, then I direct that the share of such decedent shall go to such issue.    Should either of them be dead without leaving issue, then I direct that the share of such decedent shall go to the survivor or the issue of the survivor should the survivor also die during the lifetime of my said wife."    The will empowered the trustees to sell real estate and reinvest the proceeds derived from such sale in other real estate or real estate securities.    The widow elected to take against this will. The question involved is, did this election of the widow to take against the will terminate the trust and accelerate and vest the remainder as of the date of the election of the widow to take against the will?    The auditing judge held that it did, and that thereupon an absolute title to one-half the real estate had vested in Morris A. Wyllner, and awarded one-half of the fund to his administrator, the appellant.    The court in banc, reversing that adjudication, held that the trust estate continued notwithstanding the election of the widow to take against the will and that the devise of the remainder to Morris A. Wyllner was defeated by his death during the lifetime of the widow, and the court awarded the entire income of the real estate, accruing after the death of Morris A. Wyllner, to Julia Hall Renner, and awarded the principal received from sales of real estate to the surviving trustee, for the uses and purposes of the trust.    The administrator of Morris A. Wyllner appeals from that decree.

When a widow declines to accept the provision for her contained in the will of her deceased husband, she takes the interest in his entire estate to which she is entitled under the intestate laws, as to her there is no will.    The remainder of the estate will then pass under the will as if the widow were dead.    Any estate in the property to which she might have been entitled under the will ceases

to exist. Devises or bequests, contained in the will, subordinate to a life estate in the widow and contingent upon her death, or payment of which is postponed until then, become presently payable upon her election to take under the intestate laws. Devises or bequests in remainder, to take effect at the termination of the life interest of the widow, created by the will, are accelerated and become immediately vested. "This is the general rule, and if there are any exceptions, they must depend upon the expression or unavoidable implication of a contrary intent by the testator": Ferguson's Est., 138 Pa. 208; Vance's Est., 141 Pa. 201.

It is argued in the present case that this rule does not apply for the following reasons, viz: (1) That the trust created by the will was not for the benefit of the widow alone, that she was to receive only one-third of the income of the trust estate during her life and that the two children, Julia and Morris A., were each to receive one-third of said income, with remainders (of income) to their respective issues and cross remainders in the event of either dying without issue, and (2) That the devises in remainder to Julia and Morris A., respectively, were contingent upon their surviving the widow, then over to the issue of each, respectively, and with cross remainders in the case of the death of either without issue. The determination of the question whether it was the intention of this testator that the trust which he created by his will was to continue until the actual death of his widow, or only so long as she continued to have an interest in that trust estate, is not dependent upon whether the widow was to receive the entire income of the trust estate or only a part of it. The fact that the widow was to receive only one-third of the income is not controlling. The testator gave to his widow "one-third of the net income derived from his real estate" during the term of her natural life, that is, not the income of one-third but one-third of the income of the whole. To ascertain and

secure such one-third the whole estate had to be kept together.

"Such was undoubtedly the testator's intention, and he provided for it by a trust, but outside of this provision for his widow the whole beneficial enjoyment of his estate is given immediately to his children; the 'use of the remaining two-thirds' is to be divided among them, or. their heirs, during the lifetime of the widow,......and on the death of the widow the property is to be equally divided among them": Woodburn's Est., 151 Pa. 586. The will in that case, as in this, directed that the widow should receive one-third of the income during her life, and the remaining two-thirds of the income was directed. to be equally divided between the five children "or their lawful heirs," during the lifetime of the widow, and, at the death of the widow, the property was to be equally divided between the five children "or their lawful heirs." It was there held that when the entire beneficial interest in the property is given but possession is postponed, courts of equity will look to the purpose of the postponement. That, as no persons, other than the widow and children, were given any present or future interest in the property and that as the trust, created by the will, was to determine immediately upon the death of the widow, without regard to any other event whatever, it must be held that the only purpose of the testator in directing that the property be kept together was to secure the one-third of the income to the widow during her life, and, therefore, that purpose having failed, or been superseded by the widow's election to take against the will, the trust established only to serve that purpose became useless, and ended. Mr. Justice MITCHELL, who spoke for the Supreme Court in that case, said: "Here the remainders are vested, and the direction to pay to the lawful heirs is only in succession to deceased children, and inserted to prevent the implication of a lapse in case of death during the continuance of the life estate." That case establishes the principle that where under the terms of the

VOL. LXV—26

trust the widow is to receive a part of the income for life and the balance of the income is devised to the children of the testator, during the life of the widow, and the remainder to take effect after the determination of the estate of the widow is devised to the same children, the election of the widow to take against the will terminates the trust estate, the remainders are accelerated and the estates of the children become immediately vested. That case disposes of the contention that the fact that the widow was not to receive the entire income takes this case out of the operation of the general rule.

The other ground upon which it is contended that the trust created by this will should be continued and the vesting of the remainders postponed, notwithstanding the election of the widow to decline to accept the estate thereby created, is that the right of survivorship, as between the children, Julia and Morris A., was an element of value which the testator must be held to have contemplated, and is a compelling reason for sustaining the trust and preventing the acceleration of the vesting of the estates in remainder. This same question arose under a will which created a trust estate of which the widow of the testator was to receive the income during her life, after her death the property was to be sold and the proceeds divided into ten equal shares, one of these shares was bequeathed to each of several persons named, "or his lawful issue"; as to one of these shares the will provided that in case he died without issue such share should be paid to his brothers and sisters; and then followed this general provision, viz: "Provided, at all times, that in case any of the above named legatees should die before their legacy becomes payable, without lawful issue, where no other provision is made, in such case the share so bequeathed shall be divided in equal shares to and amongst those who are then living and named as legatees in this will." Now it matters not whether it be held that these legacies were contingent, or vested subject to be defeated by the death of the legatee before the period

of distribution; the effect of this provision was precisely the same as that contained in the will with which we are now dealing; it was a provision for survivorship and cross remainders, as between the legatees, in case any of them died before the time for distribution, after the death of the widow. The widow in that case declined to accept the provision contained in her husband's will and elected to take her interest under the intestate laws. It was held that this accelerated the vesting of the legacies of the remaindermen: Coover's App., 74 Pa. 143. Judge PEARSON, who disposed of that case in the court below and upon whose opinion the judgment was affirmed, said, "If these bequests were contingent, to vest on the death of the widow, yet, from what we have already said, her renunciation had the same effect in determining the contingency as her death. It would not be pretended that, had she died when she renounced, any legatee answering the description in the will, then in full life, would not have taken under it." And, further, "One thing we do know, that John Ingham, the petitioner and one of the legatees, is in full life, and demands distribution so as to enable him to obtain his share under the will, and as to him the legacy is vested as fully as if the widow were dead, though he may not be able to obtain his whole share until after that event." We see no escape from the conclusion that the decision in that case means that the election of a widow to take against the will accelerates the vesting of remainders which are by the will made subject to a life estate in her, even where, had the widow accepted the provisions of the will, the estates of those who were to take in remainder would have been contingent, or subject to be defeated by death during the lifetime of the widow. The provision that in case of the death of either of the devisees, under the present will, the share of such devisee is to go to his or her issue, or in default of issue over to the other devisee, is merely intended to provide a substitutionary gift in case either of the children died before the time of distri-

bution, and inserted to prevent the implication of a lapse in case of death during the continuance of the estate of the widow. The trust estate having been extinguished by the renunciation of the widow, the coming of the remainders into possession was accelerated, and the title to one-half the property became vested in Morris Albert Wyllner.

This rule is not without its exceptions and it is not to be applied in a case where the acceleration of the remainders would defeat the right of some other beneficiary under the testator's will. When a widow declines to accept the provisions in her favor contained in her husband's will, the property which the testator intended for her benefit may, in some cases, be sequestrated to compensate devisees or legatees who are by her renunciation disappointed, or would otherwise be deprived of benefits which the testator intended for them: Gallagher's Est., 76 Pa. 296; Heineman's App., 92 Pa. 95. When the will provides a trust fund only a part of the income of which is to be paid to the widow during life and the balance of that income, during the life of the widow, is to be paid to another person, and the estate in remainder is devised to still another person, the election of the widow to take against the will cannot defeat the express intention of the testator that another than the widow (and not the remainderman) shall take the income of a part of the trust fund during the actual lifetime of the widow: Young's App., 108 Pa. 17. The logical result of the decision in the case last cited was reached in Portuondo's Est., 185 Pa. 472. In the case last mentioned the will created a trust for the benefit of the testator's widow and his mother, the former to receive two-thirds of the income and the latter one-third of the income, of the whole residuary estate. The widow elected to take against the will. Upon the death of the widow, under the terms of the will, the whole principal of the estate was to be divided into three equal parts, of which he gave one to his stepdaughter, one to his stepson, and the remaining third to his mother. The fund

for distribution was the proceeds of personal property. The widow, by her election to take against the will, took one-half of the fund. The manifest intention of the testator, in that case, was that his mother should have one-third of the income of the entire fund. The court held that the mother was entitled to the equivalent of one-third of the income of the entire fund, that is, two-thirds of the income of the one-half of the fund which remained, after deducting the widow's share. It thus appeared that while the mother was entitled to two-thirds of the income, upon the remaining half of the estate she would, when the time for final distribution arrived, upon the actual death of the widow, be entitled to only one-third of the principal of the residue, after the widow's share was taken out of the fund, that is to the principal of only one-sixth of the entire estate. This was a case where, in the circumstances arising out of the widow's election, the parties entitled to the income of what remained of the estate were not entitled to take it in the same proportions in which they held the estate in remainder, it was, therefore, a case clearly not within the operation of the general rule, and it was held that the trust estate must be sustained, in order to preserve the interest of the mother of the testator. This decision involved no departure from what had already been decided in Young's Appeal, supra. The principle involved was precisely the same as if a part of the income of the trust estate had been bequeathed to a person other than those who were to take the remainder. Reighard's Est., 253 Pa. 43, involved no departure from the principles recognized in the cases hereinbefore cited. In that case the testator had contemplated and had made provision for what should be done in case his widow elected to take against his will, and he had provided, by his will, that the trust estate should continue for ten years after his death.

The decree of the court below is reversed and the record is remitted with direction to make distribution in accordance with the finding of the adjudicating judge.