## Snavely's Estate.

*Judgments — Declaratory judgments — Orphans' Court—Act of June 18, 1923.*

1. The Act of June 18, 1923, P. L. 840, concerning declaratory judgments and decrees, gives power to all courts of record within their respective jursidictions to decree rights, status and other legal relations, and the Orphans' Court has power to decree thereunder the effect which an election by a widow to take against her husband's will has upon the vesting of remainders and upon trusts created by the will.

*Wills—Election to take against will—Remainders—Trusts.*

2. Where, under the terms of a trust established by will, the widow is to receive a part of the income for life, and the balance is devised to testator's children during her life, with remainder to the children after her death, an election by the widow to take against the will terminates the trust estate and the remainders vest at once in the children.

Petition for declaratory judgment. O. C. Dauphin Co.

*Karl E. Richards,* for petitioner.

Fox, J., Nov. 26, 1923.—A petition was presented by the widow and the surviving child of the testator to the court on Oct. 23, 1923, praying that we, under the provisions of the Act of Assembly approved June 18, 1923, P. L. 840, determine in whom and in what proportions the legal title of the residuary estate vests, that we declare the trust created by the will of the testator terminated and that we direct the trustee to show cause why a final account should not be filed and the trustee discharged.

The petition discloses, and it is not controverted, that the testator died testate, his will being duly probated and recorded in Will Book X, page 251; that the testator was survived by his widow, Elizabeth B. Snavely, and two children, Katherine M. Snavely and J. Nissley Snavely, his only heirs-at-law; that the will of the testator provides, *inter alia:*

"Item: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, I give, devise and bequeath to my executor, hereinafter named, or his successor, in trust, nevertheless, for the following purposes and uses, to wit: to pay semi-annually one-third of the income arising therefrom to my said wife for and during the term of her natural life, and to pay, semi-annually, the remaining two-thirds of the income arising therefrom to my two children, J. Nissley Snavely and Katherine M. Snavely, or their respective guardians, in equal shares.

"Item: And upon the death of my said wife, Lizzie B. Snavely, I give, devise and bequeath the principal or *corpus* of my said residuary estate to my two children J. Nissley Snavely and Katherine M. Snavely, share and share alike.

"In the event of the death of either of my said children leaving issue, said issue shall take, *per stirpes*, the part or share of my estate the parent of such issue would have taken if living. In the event of the death of either of my said children without leaving lawful issue, then the share of such deceased child shall vest in the survivor or the lawful issue of such."

That Paul A. Strickler was nominated executor and trustee of the last will and testament, to whom letters were issued, and that on March 6, 1922, he filed his account, and upon his own request was discharged from further duty as trustee, and that in his stead, on Aug. 28, 1922, the Citizens Trust Company of Harrisburg, Pa., was appointed trustee; that on Jan. 24, 1922, the said widow, Elizabeth B. Snavely, elected to take against the will of the decedent and under the intestate law, said election having been duly filed; that one of

the children, Katherine M. Snavely, died on June 25, 1923, intestate, unmarried and without lineal heirs.

The petitioners contend that the widow's election to take against the will was equivalent to her legal death, and that her said election accelerated the vesting of the remainders and terminated the trust under the facts of the case.

The Act of Assembly approved June 18, 1923, P. L. 840, entitled "An act concerning declaratory judgments and decrees, and to make uniform the law relating thereto," gives power to all courts of record within their respective jurisdictions to decree rights, status and other legal relations, and we think that thereunder this court has the power to render the declaratory judgment prayed for.

There is no difficulty in determining this matter. It is ruled by the cases of Disston's Estate, 257 Pa. 537, and Wyllner's Estate, 65 Pa. Superior Ct. 396, and a number of others. In the first of these cases the Supreme Court, at page 554, said: "Where the widow, so long as she lives, is to receive a part of the income of the whole estate, and the balance of income, during her life, is given to testator's children, with remainders of principal to the same children at the widow's death, her election to take under the intestate laws will terminate a trust created for the purpose of holding the estate intact for her benefit, and accelerate the estates of the children just as effectually as though the provisions for the widow were that she was to enjoy the entire income during her life: Woodburn's Estate, 151 Pa. 586; and the fact that the remainders given to the children may be contingent (Coover's Appeal, 74 Pa. 143, 147), or that alternative remainders may be provided for in the event of the decease of such children in the lifetime of the widow (Wyllner's Estate, 65 Pa. Superior Ct. 396), will not take a case out of the operation of the general rule, if, on a view of the whole will, or the particular part in question, such alternate remainders appear to be merely secondary or substitutionary in character. See other cases, *supra.*"

In Wyllner's Estate, 65 Pa. Superior Ct. 396, the facts of the case were quite similar to the facts of the case at bar, and the Superior Court, at page 401, speaking of Woodburn's Estate, 151 Pa. 586, said: "That case established the principle that where, under the terms of the trust, the widow is to receive a part of the income for life and the balance of the income is devised to the children of the testator during the life of the widow, and the remainder to take effect after the determination of the estate of the widow, is devised to the same children, the election of the widow to take against the will terminates the trust estate, the remainders are accelerated and the estates of the children become immediately vested. That case disposes of the contention that the fact that the widow was not to receive the entire income takes this case out of the operation of the general rule."

It is needless to cite any other cases to this effect by our appellate courts.

Unler the Intestate Act of June 7, 1917, § 1 (b), P. L. 429, the widow was entitled to one-third part of the real and personal estate, and the same was vested in her, and in each of the two children was vested one-third part of the real and personal estate. The death of Katherine M. Snavely, one of the children, was subsequent to the filing of the election; she died intestate, and in defaullt of issue and under section 8 of the Intestate Act, her real and personal estate became vested in her mother, who survived her.

And now, Nov. 26, 1923, it is hereby adjudged, declared and decreed that there is vested in Elizabeth B. Snavely one-third of the residuary estate which vested in her as the surviving spouse of the testator, also another one-third of the residuary estate which vested in Katherine M. Snavely, her daughter,

4 D. & C.

Snavely's Estate.

and which, upon the death of the daughter, passed under the intestate law to the said Elizabeth B. Snavely and now vests in her, and that one-third of the residuary estate is vested in J. Nissley Snavely. And it is further decreed that the trust created by the will of the testator is terminated, and a citation is awarded upon the trustee to show cause why a final account should not be filed and the trustee discharged, returnable in thirty days.

From Sidney E. Friedman, Harrisburg, Pa.