## Lynn's Estate

Before Lamorelle, P. J., and Van Dusen, Stearne, Sinkler, and Klein, JJ.

144

*Albert L. Moise*, for accountant.
*Raymond deS. Shryock*, for Marguerite Lynn Picolet.
*Francis R. Matlack*, for Franklin L. Landenberger.

VAN DUSEN, J., April 26, 1935.—The testator left his estate in trust to pay the income to his wife and daughter for life, and upon the death of either to pay the entire income to the survivor. "At the expiration of one year after the death of my wife" the daughter is to receive one fifth of the principal, and the remaining four fifths 10 years thereafter. If the daughter should die before coming into possession of the principal, there is a substitutionary gift in favor of her son. The widow elected to take against the will, and the rest of the estate was awarded in trust for the daughter. One year has elapsed, and the daughter now asks for possession of one fifth of

the principal, arguing that the widow's election is equivalent to her death.

It would be convenient if all the questions which attend the widow's election could be solved by the application of so simple a formula. But it is more striking than accurate, and does not contain the whole law on the subject.

The election operates as an abandonment by the widow of provisions for her, which are sequestered for the benefit of legatees disappointed by the election. If the provision for the widow is a life estate, then the remainders will be accelerated as though she was dead, if this will not defeat the intention of the testator. Feeney's Estate, 293 Pa. 273. All this is well observed by the auditing judge. The difficulty, of course, lies in the application of the principle.

Where the widow's life estate is a mere obstacle to possession by the remaindermen, the remainders will be accelerated as though she was actually dead. Where the widow's life estate is used in the will as a means of preserving the interest of some third person, other than either the widow or remainderman (as in Disston's Estate, infra, 543) such as an annuity or a share of income, the intention of the testator appears to be to preserve these estates, and the remainders will not be accelerated. Young's Appeals, 108 Pa. 17; Portuondo's Estate, 185 Pa. 472. Other cases arise, however, where the remainders are not vested, but are contingent upon the remaindermen surviving the widow, and substitutionary gifts are made if they do not. If the remainders are accelerated, these substitutionary gifts are defeated. Nevertheless, it is considered that the principal intent of a testator is in favor of the first takers, and the acceleration takes place. Coover's Appeal, 74 Pa. 143; Wyllner's Estate, 65 Pa. Superior Ct. 396; Disston's Estate, 257 Pa. 537; Kern's Estate, 296 Pa. 348; Bruntrager's Estate, 2 D. & C. 747. The auditing judge refused to award to

the daughter a share of principal at this time, in order to preserve the substitutionary gift, but we think his conclusion is not consistent with these authorities.

There is another aspect of the matter to consider, namely, that if the daughter's claim is successful, she will get control of a portion of the principal, and be freed from the restrictions of the trust, at a time which in all probability is earlier than that provided in the will. At any rate she comes into possession at a different time and upon a different event from that provided in the will. But this is what occurs in every case of acceleration. It does not appear from the will that the widow's life plus 1 year is a yardstick: Loew's Estate, 291 Pa. 22; which is intended to mark her arrival at years of discretion. It seems more consistent with the testator's intent in favor of his daughter that she should come into possession of the principal 1 year after she begins to be the sole recipient of income, rather than that she should be obliged to wait until 1 year after the death of a person who has now become an entire stranger to the fund; and that in this case at any rate the widow's election is equivalent to her death.

The exceptions are sustained.

SINKLER, J., dissenting. — Facts overcome figments. The testator made manifest the span of protection to be afforded his married daughter through the administration of part of his estate in trust. The termination was fixed by the actual and not the fictitious death of his wife. His intent can be made effective without violating the phraseology of the will, however it may be modified by legal presumptions or fiction. Testamentary trusts should not be lightly set aside. I am still of the opinion that the proper determination of this matter is as set forth in my adjudication.

LAMORELLE, P. J., joins in this dissent.