## Ward's Estate

676

*I. Emanuel Sauder*, for exceptants.
*Wolf, Block, Schorr & Solis-Cohen*, contra.

Bok, J., March 27, 1936.—In order of events, the testator died, then the remainderman died, and finally the widow, who was the life tenant, elected to take against the will.

The widow claims the whole estate on the theory that the remainderman's death prior to her election results in a dry trust of the entire residue for her benefit. This contention is denied by her own action in electing to take against the will, which relegates her exclusively to such rights as she may have under the intestate laws: Wyllner's Estate, 65 Pa. Superior Ct. 396. Under them she is entitled to one half of the residuary estate, plus her exemption. We are now concerned with the disposition of the other half.

Edith A. Ward, testator's niece and only other next of kin, claims it. Her theory is that an intestacy occurred as to it because the gift in remainder was contingent and there was no gift over in case of the remainderman predeceasing the widow.

We think, in passing, that the remainder was vested, because it was given to a named and ascertained person: Stocker's Estate, 21 D. & C. 637.

Whether vested or contingent, however, we are of opinion that it was accelerated by the widow's election: Coover's Appeal, 74 Pa. 143, which was cited in Wyllner's Estate, supra, the court saying:

"We see no escape from the conclusion that the decision in that case means that the election of a widow to take against the will accelerates the vesting of remainders which are by the will made subject to a life estate in her, even where, had the widow accepted the provisions of the will, the estates of those who were to take in remainder would have been contingent, or subject to be

defeated by death during the lifetime of the widow." See also Disston's Estate, 257 Pa. 537.

The widow's election speaks as of the date of testator's death: Fitzgibbon's Estate, 276 Pa. 105; Mann v. Mann, 75 Pa. Superior Ct. 16. Hence the niece's claim must fail, because the remainderman was alive at that time. His estate also claims the remaining one half of the residue left undisposed of by reason of the widow's election, and we think it is entitled to it.

Counsel for the exceptant raises points of construction relative to the words "then" and "shall go to".

"Then" may be used as an adverb of time, depending on the context, but it is usually construed as an emphatic conjunction meaning "in that case": Buzby's Appeal, 61 Pa. 111; Patterson's Estate, 247 Pa. 529. This will was holographic and was inartistically drawn. We feel that the word "then" has conversational emphasis only and does not refer to time in this case.

The phrase "shall go to" is the equivalent of "I give": Packer's Estate (No. 2), 246 Pa. 116. Whether it means "I give" or "vests", as counsel's extra-jurisdictional authorities suggest, the real point relates to the time when the meaning becomes operative. We hold that by acceleration this time occurs as of the death of the testator.

The exceptions are dismissed and the account is confirmed absolutely.