## Rosenbaum Estate

*John D. Rively,* for exceptant.
*Jerome E. Ornsteen* and *Macey E. Klein,* contra.

SWOPE, P. J., August 2, 1968.—We have before us exceptions to the first and final account of Nathan Rosenbaum, Executor in the Estate of Harry M. Rosenbaum, filed on behalf of Robert S. Rosenbaum and Lillian Rosenbaum, son and widow, respectively, of decedent. We have, in addition to the above, exceptions to the suggested schedule of distribution in this estate which were filed simultaneously therewith on behalf of Robert S. Rosenbaum individually and as father and natural guardian of Cynthia Ann Rosenbaum. We will dispose of all of the exceptions in this opinion and consequent order.

Those facts which are relevant to our inquiry are as follows:

Harry M. Rosenbaum died, testate, a resident of Dauphin County on June 1, 1966. In his will, dated April 19, 1963, he bequeathed an amount sufficient to complete payments on an endowment policy on the life of his granddaughter, Cynthia Ann. This bequest is not here in issue. The remainder of the estate was bequeathed and devised in trust for his wife for life along with so much of the principal for her care as deemed necessary by the trustee named in the will. Upon the death of his wife, the remainder was to be distributed, five percent to decedent's granddaughter Bonnie Lynn, five percent to his granddaughter

Susan, 10 percent to his granddaughter Cynthia Ann, and 80 percent to his son Robert.

By a codicil dated November 14, 1963, testator named his brother Nathan as executor in lieu of the Fidelity Philadelphia Bank and Trust Company (hereinafter referred to as the Fidelity Bank) which had been named in the original will. The remainder of his will was ratified and confirmed.

By a further codicil dated December 9, 1964, testator provided that upon the death of his wife, the principal in remainder should be distributed:

"To my granddaughter, Bonnie Lynn 5% thereof;

"To my granddaughter, Susan 5% thereof;

"To my granddaughter, Cynthia Ann 10% thereof;

"The remainder of the principal shall be continued in trust for the benefit of my son, Robert S. Rosenbaum, and my trustees shall pay to him at intervals, not less than quarterly, the net income from the trust and any portion of the principal of the trust which they in their sole discretion may deem advisable, taking into consideration the financial needs of my son and his other sources of income."

This codicil made no provision for disposition of the remainder of the trust upon the termination of the son's life estate. On May 9, 1967, testator's widow elected to take against the will.

## EXCEPTIONS TO THE PROPOSED SCHEDULE OF DISTRIBUTION

Exception is taken to the suggestion of the accountant in his petition for distribution that 40 percent of the net estate, with certain exceptions not presently in issue, be distributed to the Fidelity Bank, trustee for Robert S. Rosenbaum, under the terms of the will and codicils.

It is Robert's contention that the failure on the part of testator to provide for the disposition of the remainder following his, Robert's, life estate worked an

intestacy as to that remainder. Robert further claims that since he remains as his father's sole intestate heir by virtue of the exercise of her right of election by his mother, he is, likewise, the only one entitled to that entire remainder. Finally, Robert contends that since his life estate under the trust coincides with his interest in the remainder following, he is thereby invested with the entire beneficial interest in both estates, and, he is thus entitled to a present distribution of the entire fund, free of trust.

We are of the opinion that the above contentions are correct and that Robert is presently entitled to receive the entire fund outright.

Testator, having been survived by his wife and one child only, the election to take against the will entitled his widow to one half of the estate: Wills Act of April 24, 1947, P. L. 89, sec. 8, 20 PS §180.8.

The election by testator's widow operated to terminate her life estate at the same time that it entitled her to the immediate distribution of her intestate share in her husband's estate: Disston's Estate, 257 Pa. 537. The effect of her election was, in fact, equivalent to her death, which thereby accelerated all succeeding estates: Ferguson's Estate, 138 Pa. 208. While it is true that under certain circumstances the court may deny the acceleration, such action would depend upon a clear expression of such an intent by testator. This intent may be manifested in a number of ways, as by fixing a definite time for distribution in the will which is independent of the widow's death (Reighard's Estate, 253 Pa. 43), or where a person along with the widow is to enjoy the income from a trust during the life of the widow: Young's Appeal, 108 Pa. 17. In the instant case, however, there is no comparable expression of intent. The only express condition in the will as to the time when Robert is to succeed to the enjoyment of his interest is upon the death of

testator's widow. Abundant authority compels us to conclude that the spouse's election was the functional equivalent of her death: Ferguson's Estate, supra.

We conclude, therefore, that by virtue of his mother's election, Robert's life estate has now been accelerated for his present enjoyment.

We conclude, further, that by failing to provide for the disposition of the remainder of Robert's life estate, testator died intestate as to that portion: Gray Estate, 8 D. & C. 2d 593. As his father's only intestate heir, Robert is also solely entitled to that share of the estate: Intestate Act of April 24, 1947, P. L. 80, sec. 1.3, 20 PS §1.3.

We now consider the effect of the coincidence in Robert of both the life estate under the trust and the entire interest in the following remainder. When the life beneficiary of a trust acquires as well the interest of the beneficiary entitled in remainder, and it would not defeat an expressed material purpose of the settlor, the person possessing both interests may terminate the trust: Sharpless Estate, 151 Pa. 214; Barnsley's Estate, 59 D. & C. 653; Irwin Estate, 28 D. & C. 2d 123. This is the case even when the interest in remainder is acquired because the settlor failed to dispose of it in his will: Allison's Estate, 57 D. & C. 83; Holmes Estate, 66 D. & C. 612.

We conclude, therefore, that there being no express material purpose to the contrary in his father's will or the codicils thereto, that Robert, as beneficiary not only of the life interest in the trust provided by his father for him but also of the remainder interest therein which follows his life estate, may now compel a termination of the trust and a present distribution to himself of the entire corpus, without limitation.

The remaining exception to the suggested schedule of distribution in which it is contended that there

is no provision "in the codicil" that the bequest to Cynthia Ann, granddaughter of testator, be in trust nor that the Fidelity Bank serve as trustee must be dismissed. While it is true that there is no such provision "in the codicil," a reading of the entire will, together with its codicils, demonstrates specific provision by testator to fully support the suggestion that the share of Cynthia Ann be held in trust during her minority by the Fidelity Bank.

Item Sixth of the will provides that "any income or principal payable hereunder to any beneficiary who may be minor, shall be held in trust by my trustee during such minority." It is not disputed that Cynthia Ann has not yet attained her majority. Item ninth of the will provides that the Fidelity Bank is to serve as executor and trustee of trusts established thereunder. While it is true that item first of the first codicil to the will substitutes testator's brother, Nathan, in the bank's stead as executor of the estate, there is no further provision whatsoever the effect of which would be to change the designation of the bank as trustee as contained in the original will. On the contrary, the codicil goes on to expressly confirm the original designation. As to the trust established for Cynthia Ann in the original will, item second of the first codicil ratifies and confirms the first will except as modified. Nothing in the first codicil indicates any change in the trusts as originally established.

It is further noted that item third of the second codicil ratifies the first will and prior codicil except as modified. Again, there is found no change either in the designation of the trustee nor in the trust for Cynthia Ann as originally established in the will.

With regard to this exception, therefore, we conclude that it is without merit and that the distribution as suggested by the accountant relative to this item is the only proper suggestion possible in light of the

express directions in the will and codicils. . . .

### ORDER

Now, August 2, 1968, the exceptions of Robert S. Rosenbaum and Lillian Rosenbaum to the first and final account of Nathan Rosenbaum, Executor of the Estate of Harry M. Rosenbaum, Deceased, are hereby dismissed, each and severally.

Be it further ordered that the exception of Robert S. Rosenbaum, as father and natural guardian of Cynthia Ann Rosenbaum to item 4, sec. XIII, of the petition for distribution of Nathan Rosenbaum, Executor of the Estate of Harry M. Rosenbaum, Deceased, is hereby dismissed.

Be it further ordered that the exception of Robert S. Rosenbaum, individually, to item 2, sec. XIII, of the petition for distribution of Nathan Rosenbaum, Executor of the Estate of Harry M. Rosenbaum, Deceased, is hereby sustained.

Unless exceptions are filed hereto within 10 days of the date of this order, the account of executor will be confirmed as filed and distribution ordered in this estate in accordance with all of the foregoing.